G. S. MANDEVILLE, plaintiff in error, vs. JAMES F. MANDE-VILLE et. al., defendants in error.

[1.] Where one petitions the Ordinary for letters of administration and prays that a citation be issued, and a *caveat* is filed by the heirs at law, and this, by consent of parties, is tried, and the Ordinary's judgment is against the petitioner, and the latter appeals therefrom to the Superior Court, it is too late, when the cause is before the jury on the appeal trial, for the petitioner to call in question the regularity of his original application and the due publication of citation founded thereon. He is estopped from so doing.

[2.] Letters of administration may be denied the original applicant, and be granted to another person; and to do this, no fresh citation is necessary.

[3.] Where a majority of the next of kin select, under the Code, a fit person for administrator, the Ordinary must appoint him.

Caveat. In Clay Superior Court, on appeal from the Ordinary. Tried before Judge CLARKE. June Term, 1866.

On the first day of September, 1865, G. S. Mandeville, applied to the Ordinary of Clay county, to issue a citation of his intention to administer on the estate of Charles G. Mandeville, formerly of said county, deceased.

On the 2d day of October, 1865, the defendants in error, six of the heirs at law, and two-thirds of those interested in the distribution of the estate, filed their caveat to the granting of letters of administration to the petitioner, on the grounds:

1. Because each of the caveators is as much entitled to administration of the estate, as the applicant; and they object to him for reasons which have recently transpired in a partial division of the estate by consent.

2. Because all of the caveators select and prefer James F. Mandeville, a son of the intestate, and a distributee of his estate, as administrator.

At the March Term, 1866, of the Court of Ordinary, the parties agreed, in writing, that the case be tried before the Ordinary.

The Ordinary awarded letters to James F. Mandeville. G. S. Mandeville entered an appeal.

On the trial counsel for plaintiff in error requested the Court, in writing, to charge as follows:

"If it appear by the testimony of the Ordinary that granted the letters of administration (the record being silent on the subject) that no application for letters was made to him, and that no citation was published according to law, then, the letters were illegally granted."

The Court refused to charge as requested, but did charge:

"If you are satisfied, from the evidence, that the counsel for Gerard S. Mandeville and for the caveators entered into a written agreement that the case (caveat) should be tried before the Ordinary, then, by virtue of that agreement, the Ordinary might proceed to decide upon the application of Gerard S. Mandeville, and upon the whole subject of appointing an administrator, whether there had been any legal citation or not; such agreement would amount to a waiver of the preliminary steps by which the application is usually brought before the Ordinary, and Mandeville, who consented to have his application tried, cannot now object that his application was not properly before the Court;" and counsel for plaintiff in error excepted. The jury returned a verdict in favor of James F. Mandeville, caveator.

Plaintiff in error moved for a new trial upon the grounds:

1–2–3. That the verdict was contrary to law; contrary to

the evidence ; decidedly against the weight of evidence ; and without evidence.

4–5. Because of the refusal of the Court to charge as requested, and of the charge as given.

The Court overruled the motion, and plaintiff in error excepted.

DOUGLASS, APPLING and HOOD, for plaintiffs in error.

TURNIPSEED, for defendants.

HARRIS, J.

[1.] In looking through the record in this cause, we are unable to perceive the shadow of a reason for this Court being troubled as it has been by the litigous spirit which characterizes the conduct of plaintiff in error in this whole matter.

He was an applicant, as it appears by his petition, to the Court of Ordinary of Clay county for letters of administration on his father's estate, and prayed therein that a citation should issue, calling on distributees and others interested, to show cause why they should not be granted to him.   In October thereafter, six of the heirs at law, standing in equal degree of relationship to intestate with himself, filed, in writing, their caveat against the grant to him of administration on their father's estate, for reasons therein stated ; and in that paper they allege that they prefer, select and make choice of James F. Mandeville, defendant in error, one of the sons of intestate, as most suitable and best qualified to receive letters and administer on the estate.   This caveat, amongst other things, recites that " the citation of the late Ordinary, at the instance of Gerard S. Mandeville, *having been published in the* ' *Cuthbert Reporter,*' *calling upon, etc., etc.*"

At the March Term, 1866, of the Court of Ordinary, we find an agreement stated thus : " Gerard S. Mandeville, ap-

plicant for letters of administration on estate of C. S. Mandeville *vs.* Nancy Mandeville, and other caveators. We, the undersigned, by our attorneys at law, do agree and consent that the above stated case be trid before John C. Wells, Ordinary of said Court."

*Signed for the parties by their respective attorneys.*

In the face of these facts appearing in his transcript of the record, the plaintiff in error now says there was no application for administration—no citation published by the Ordinary—and gravely asks this Court to pronounce the grant of administration to Jas. F. Mandeville illegal, " *as the record is silent on the subject ;* " that is, that the record does not show an application for administration, and the issue and publication of a citation by the Ordinary. Silent indeed! The record shows that *he* applied for administration ; it shows, by his agreement to try the merits of his application and caveat to it, *his* admission that a citation, at *his* instance, was published. That citation produced the caveat—the caveat filed made an *issue*—a suit—and the agreement referred to recognizes a regular suit by the statement of the case—its nature—and by the provision for a trial of that suit by Mr. Wells, who, having been previously an attorney at law for one of the caveators, would have been disqualified to sit as Judge but for that consent.

The plaintiff in error is most clearly estopped by these acts and admissions from questioning here the legality of the proceedings of which he complains.

[2.] The law does not prevent or prohibit administration from being granted to any one but upon his *direct personal* application, and the issue and publication of a citation accordingly. On the contrary, to avoid delay and other inconveniences which such a course would occasion, it distinctly authorizes, whenever there has been an application and citation published, that the Ordinary may grant administration to a person other than the applicant. It does not require a new application—a new citation. See *Code p.* 472, *section* 2464.

This provision of the Code is an answer to the objection that Jas. F. Mandeville made no application for administration, and that no citation, at his instance, was published.

[3.] Again, why does the plaintiff in error, with such vexatious and bootless pertinacity, continue the struggle for the administration? A majority of the heirs and next of kin in this case, and interested in the estate, and capable of expressing a choice, having, in writing, selected and made choice of their brother, Jas. F. Mandeville, the Ordinary was required by law to appoint *him*. *In such case, the Ordinary has no discretion whatever*. See *Code, p.* 471, *section* 2461.

The Ordinary did right in appointing Jas. F. Mandeville, and the special jury trying the appeal did right in confirming the julgment of the Ordinary ; and, perceiving no material error in the Circuit Judge, in his refusal to charge as desired by the plaintiff in error, or in the charge given to the jury, we have no hesitation in affirming the judgment rendered.

Judgment affirmed.