SUSAN E. HALLIDAY, plaintiff in error, *vs.* DUDLEY M. DUBOSE, defendant in error.

Where the ordinary was requested, in writing, by a majority of the distributees of an estate, to appoint a certain person administrator, there being no other applicant, one of the distributees cannot defeat such appointment, on the ground that the person so applying was neither the next of kin to deceased, nor interested in the estate, nor a creditor.

Administrators' and executors. Before Judge GIBSON. Wilkes Superior Court. May Term, 1877.

Reported in the decision.

D. A. VASON; W. M. & M. P. REESE, for plaintiff in error.

R. TOOMBS, for defendant.

WARNER, Chief Justice.

It appears from the record in this case, that Nicholas Wylie, of the county of Wilkes, died intestate, in the year 1871, leaving as his heirs at law his two daughters, Mrs. Martha Andrews and Mrs. Susan E. Halliday, and three children of Henry Wylie, a deceased son of the intestate. Wingfield administered on N. Wylie's estate, and was removed from the administration in 1876. DuBose, at the written request of Mrs. Martha Andrews, and of the children of Henry Wylie, applied for administration *de bonis non* on N. Wylie's estate. The application was caveated by Mrs. Halliday (who did not apply for letters of administration herself), on the ground that DuBose was not the next of kin and heir at law of the intestate, nor a creditor of said intestate; second, because said DuBose, who is nowise interested in said estate, is not entitled to letters of administration thereon. It also appeared that Mrs. Halliday was largely indebted to the estate of N. Wylie for advances made to her, and was contesting the same. The ordinary appointed DuBose administrator *de bonis non*, and, upon an appeal therefrom to the superior court, the appointment made by the ordinary was confirmed, whereupon the caveatrix excepted.

The third paragraph of the 2494th section of the Code declares that "If there be several of the next of kin equally near in degree, the person selected, in writing, by a majority of those interested as distributees of the estate, and who are

capable of expressing a choice, shall be appointed." The sixth paragraph of the same section declares that "The persons entitled to an estate may select a disinterested person as administrator, and, if otherwise qualified, he shall be appointed." The fifth paragraph of the fourth section of the Code declares that "A joint authority given to any number of persons, or officers, may be executed by a majority of them." Neither Mrs. Andrews nor Mrs. Halliday applied for letters of administration on the intestate's estate, but Mrs. Andrews and the three children of Henry Wylie, a deceased son of the intestate, being a majority of those interested as distributees of his estate, united in a written request to the ordinary to appoint DuBose administrator; and the question is, whether Mrs. Halliday, who did not apply for the administration herself, can defeat the appointment of DuBose, made at the written request of a majority of those interested as distributees of the intestate's estate, by interposing her veto or objection as one of the next of kin of the intestate, without more? In our judgment, she cannot, and there was no error in confirming the appointment of DuBose as administrator by the ordinary. Inasmuch as Mrs. Halliday was not an applicant for the administration, the question as to her having been advanced by the intestate in his lifetime was irrelevant.

Let the judgment of the court below be affirmed.