### 12244.  POPWELL *v.* NAIL *et al.*

1. In a contest as to the appointment of a permanent administrator on the estate of a decedent, between three persons who were next of kin and heirs at law of the decedent, the designation in writing by two of them of a competent, qualified, and disinterested party as their choice as administrator demanded his appointment, as a matter of law, as against the third, who was himself an applicant.

2. Under the law the trial judge should have instructed the jury to find a verdict in favor of the caveat, there being no material issue of fact. The failure to do so was more favorable to the plaintiff in error than he had a right under the law to expect, and was immaterial in view of the fact that the verdict was the only one that could have been legally rendered.

DECIDED MAY 14, 1921.

Appeal; from Wayne superior court — Judge Highsmith. February 1, 1921.

This is a contest over the appointment of an administrator of the estate of Marion Hopwell, decedent. The decedent was a resident of Wayne county, Georgia, and died in September, 1919. He was unmarried, and his heirs at law were his brother, George W. Popwell, and two sisters, Mrs. Georgia A. Nail and Mrs. Martha Harrison. The brother was appointed temporary administrator and applied to the ordinary for appointment as permanent administrator. To this application a caveat upon various grounds was filed by Mrs. Nail. The caveat alleged that the decedent and the brother who desired to be permanent administrator were engaged in business together at the time of the intestate's death, owning in common realty and personalty, and as copartners had been engaged in farming, operating a turpentine still, and other business; that their interests, estates, and properties were so closely connected and interwoven that it would take an impartial and disinterested administrator to separate and divide the properties of each; that the property of the intestate could not be inventoried and marshaled for appraisement by the brother; that the applicant asserted claims as surviving partner antagonistic to the claims of the estate; and that it would be impossible for him to administer the estate fairly, equitably, and impartially. It was also alleged that he was not a fit and proper person to be appointed administrator for various reasons assigned, among these being that he had, since the death of his brother, become enraged and incensed at his sister, Mrs. Nail, and had quit speaking to her, because she had claimed a share of her dead brother's es-

7

tate; that he contended that the whole of the estate should have been left to him, and would have been if the brother had not died suddenly; and that he had taken charge of the estate and was threatening to administer it for his own use and benefit. The caveatrix prayed to be appointed as administratrix. On the trial the ordinary appointed the brother as administrator. Mrs. Harrison, the other sister of the decedent, did not appear in the case before the ordinary. Mrs. Nail took an appeal to the superior court, and on the trial in that court filed an amendment to her caveat, attaching as exhibits designations in writing by her and her sister, Mrs. Harrison, of one R. G. Jackson, a resident of Glynn county, a competent and disinterested person, as their choice for appointment as administrator. There was evidence sustaining the contentions of the caveatrix. The question as to who should be appointed as administrator was submitted to the jury by the trial judge in an elaborate charge applicable to the issues made by the pleadings and the evidence. A verdict in favor of the caveat was rendered, designating R. G. Jackson as administrator, and judgment was accordingly entered. Popwell made a motion for a new trial, based upon the general grounds and upon exceptions to numerous excerpts from the charge of the court and alleged failure to instruct the jury on issues involved. A new trial was refused, and the case is here on exceptions to the judgment overruling the motion for a new trial.

*H. O. Farr, R. W. Durden, J. R. Thomas,* for plaintiff in error.

*Bennet, Twitty & Reese, E. C. Butts, R. D. Meader,* contra.

HILL, J. (After stating the foregoing facts.) Section 3943 of the Civil Code (1910) prescribes the rules which shall govern in the granting of letters of administration. It provides: " In the granting of letters of administration of any kind the following rules shall be observed; the applicant being in all cases of sound mind and laboring under no disability." Following this language ten subsections or paragraphs are set out. The first of these subsections or paragraphs gives the right to " the husband or wife surviving, irrespective of age." The second provides: " The next of kin, at the time of the death, according to the law declaring relationship and distribution, shall be next entitled," etc. The third paragraph is specially applicable to the case now under

consideration and is quoted in full: "If there be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate, and who are capable of expressing a choice, shall be appointed." It will be noticed that in this section the person selected in writing by a majority of those interested as next of kin and equal in degree is not restricted to one of the next of kin, but the language is "the person." This manifestly means that the person selected in writing by the majority of those interested as next of kin and as distributees of the estate and who are capable of expressing a choice shall be appointed. The language is mandatory, leaving no discretion on the part of the court making the appointment. The subsections or paragraphs following subsection 3 are not applicable to the facts in the present case, until paragraph 6 is reached. This paragraph is as follows: "The persons entitled to an estate may select a disinterested person as administrator, and, if otherwise qualified, he shall be appointed." Considering these two paragraphs together, the inference is clear that the choice of a majority of the next of kin entitled to the estate, if those making the selection in writing are capable of expressing a choice, and if the person so selected is otherwise qualified, "shall be appointed." There is in the record no evidence attacking the capability of the two sisters to express a choice, nor is there any attack upon the character and qualifications of the person who was selected in writing by them as administrator. It follows, therefore, from the law declared in the above subsections that the two sisters of the decedent, being a majority of the next of kin, were entitled as a matter of right to have the person whom they had selected as administrator appointed. It was not a matter of discretion with the court, and there was no issue of fact for the jury, and it would have been proper for the trial judge to have directed a verdict accordingly. The learned trial judge, instead of doing this left the question of the selection to the jury, giving instructions fully as to the rules of law set out in the code and quoted above, for the guidance of the jury in arriving at a conclusion. The verdict, under the undisputed facts, was demanded as rendered.

This view of the law makes it unnecessary to consider the evidence attacking the competency or qualifications of the brother

who had been appointed by the ordinary as administrator, and also makes it unnecessary to consider any of the assignments of error as to certain portions of the charge or the failure to charge. In support of the ruling above made, that the verdict was demanded under the law and evidence, we cite the following cases: *Halliday* v. *DuBose,* 59 *Ga.* 269; *Mattox* v. *Embry,* 131 *Ga.* 283 (62 S. E. 202); *Leverett* v. *Dismukes,* 10 *Ga.* 98; *Murdock* v. *Hunt,* 68 *Ga.* 164; *Mandeville* v. *Mandeville,* 35 *Ga.* 243. We think, however, that the sections of the code above referred to are directly controlling on the questions in the record.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*