## 15880.    DAVIS *v.* DAVIS.

JENKINS, P. J. In a contest for appointment as administrator, "if there be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate, and who are capable of expressing a choice, shall be appointed" (Civil Code of 1910, § 3943 (3)); and if the person thus selected be competent, qualified, and disinterested (*Popwell* v. *Nail*, 27 *Ga. App.* 97, 107 S. E. 364), neither the ordinary nor the jury on appeal has any discretion in the matter (*Mandeville* v. *Mandeville*, 35 *Ga.* 243 (3), 247); nor is such fitness to be measured and determined by a mere speculation that on account of business inexperience the person thus designated might waste the estate (*Maddox* v. *Maddox*, 27 *Ga. App.* 369, 108 S. E. 304); yet, on the other hand, the absence of legal fitness does not necessarily imply a lack of morality or good sense, but the issue of legal fitness, when submitted to the ordinary or to a jury on appeal, is to be tried and determined in the same way and under the same regulations as other issues of fact; and in passing upon such question they can properly consider all the proved facts and circumstances which might reasonably lead them to believe that the interest of the person so selected is nevertheless so adverse to that of the estate as would likely jeopardize its interest as against

the rights of others having an interest therein. *Moody* v. *Moody*, 29 *Ga.* 519; *Chalker* v. *Thornton*, 31 *Ga. App.* 791 (3) (122 S. E. 244). There being no complaint of any error of law except than that a verdict in behalf of the caveator was demanded, this court is unable to say as a matter of law that, under all the facts and circumstances testified to in behalf of the defendant in error, the verdict sustaining the judgment of the ordinary and approved by the trial judge, which necessarily involved the question as to the legal unfitness of the caveator, was without sufficient evidence to support it.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 10, 1925.

Appeal; from Thomas superior court—Judge W. E. Thomas. July 19, 1924.

Thomas K. Davis applied to the ordinary of Thomas county for letters of administration on the estate of his father, H. C. Davis. James M. Davis, a brother of the applicant, interposed a caveat, asking for his own appointment as administrator, and three of the six children of the decedent joined him and expressed their choice of him in writing. The other heirs appear not to have expressed a choice. On the trial of the case, on appeal, evidence was introduced to show the fitness of the caveator. Thomas K. Davis testified: "I am a son of H. C. Davis, deceased, and was appointed administrator on said estate by the ordinary, and the same was appealed to this court by my brother, James M. Davis, the caveator, who is not a fit person to be appointed administrator, because there [are] certain debts that he wishes charged to the estate and paid by the estate that should not be charged to the estate." He testified that James M. Davis told him that an account of M. C. McManeus, dated September 26, 1922, for $258, o. k.'d by James M. Davis, should be paid by the administrator of H. C. Davis, and that a note for $12.19, signed by James M. Davis and T. K. Davis, payable to the Bank of Ochlocknee, should be charged to the estate, and insisted that the administrator pay this bill and note from funds of his father's estate. He testified also that the account of M. C. McManeus was for material and labor in repairing a certain Buick automobile, the property of James M. Davis, and that H. C. Davis, deceased, did not own an automobile at that time; that James M. Davis had mortgaged to the Bank of Ochlocknee a pair of mules that belonged to the estate, and that questions as to this paper were pending in the city court of Thomasville, and the court had not passed on the issue as to whether the mules belonged to said James M. Davis or to the

estate of H. C. Davis; and that a majority of the distributive heirs had selected James M. Davis in writing, to be appointed administrator. The following documentary evidence was introduced: Account of M. C. McManeus for $258.08, dated September 26, 1922, and o. k.'d by James M. Davis, for work done and material furnished in repairing a Buick automobile, the items of which were of dates subsequent to the mortgage mentioned; note dated May 23, 1922, and payable to the Bank of Ochlocknee, July 3, 1922, for $12.19, signed by James M. Davis and T. K. Davis; mortgage made by James M. Davis to Bank of Ochlocknee, covering two mules and one Buick automobile, dated November 8, 1920, for $413.84; mortgage execution issued from the city court of Thomasville, showing by entries of the sheriff thereon that the Buick automobile mortgaged to the Bank of Ochlocknee was sold under this execution as the property of James M. Davis.

*P. C. Andrews,* for plaintiff in error.

*H. J. MacIntyre,* contra.