19333. ROWE *v.* WALKER *et al.*

DECIDED MAY 20, 1929. REHEARING DENIED JUNE 17, 1929.

*Thomas W. Jones, Z. B. Rogers,* for plaintiff in error.

*J. T. Sisk,* contra.

BELL, J. This case arose upon a contest for the administration of the estate of Mrs. Emma Dillashaw, who died intestate, survived neither by husband nor by child or children, but who left one sister, Mrs. H. M. Walker, and a brother, J. N. Farrow, and certain nephews and nieces, the children of two sisters who had predeceased her. Mrs. Walker applied for the appointment as administrator. Mrs. Zadie Rowe, one of such nieces, filed a caveat, in connection with which the brother, J. N. Farrow, and all of the children of the deceased sisters signed a writing requesting the appointment of D. L. Rowe. There was no question as to the fit-

ness or qualification of either Mrs. Walker or Rowe. The case having reached the superior court on appeal from a judgment in the court of ordinary, the presiding judge, upon the above stated facts, directed a verdict in favor of the appointment of Mrs. Walker, the applicant; and Mrs. Rowe, the caveatrix, brought the case to this court.

Section 3943 of the Civil Code (1910) provides, among other things, that in the granting of letters of administration the following rules shall be observed:

"1. The husband or wife surviving, irrespective of age, shall be first entitled.

"2. The next of kin, at the time of the death, according to the law declaring relationship and distribution, shall be next entitled; but if the party died testate, the person most beneficially interested under the will shall have the preference. Relations by consanguinity shall be preferred to those by affinity.

"3. If there be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate, and who are capable of expressing a choice, shall be appointed.

"4. If no such preference is expressed, the ordinary may exercise his discretion in selecting the one best qualified for the office.

"5. Where no application is made by the next of kin, a creditor may be appointed; and among creditors, as a general rule, the one having the greatest interest will be preferred.

"6. The persons entitled to an estate may select a disinterested person as administrator, and, if otherwise qualified, he shall be appointed."

It seems to be the law that the right to control the appointment of an administrator is ordinarily in the next of kin, and that where one of the next of kin is not an applicant but designates or selects in writing some other fit and proper person for the appointment, such nominee will stand in his shoes, in a contest with other applicants. If this is true, as we think it is, the present case is the same as though there were several of the next of kin equally near in degree seeking the appointment, and, therefore, subparagraph 3 of the above section is applicable. In such a case distributees other than the next of kin are entitled to a voice in the matter, and D. L. Rowe, having been selected by a majority of

those interested as distributees of the estate, capable of expressing a choice, was the one properly and legally designated for the appointment.

Mrs. Walker was only *one of* the next of kin—not *the* next of kin, and could not claim under subparagraph 2. Nor do we think there is any other provision of law entitling her to the administration. There was at least a "tie" as between the next of kin, Mrs. Walker having selected herself, and Farrow, the brother and only other next of kin, having selected Rowe. In these circumstances the electorate was enlarged so as to include all who were interested as distributees, irrespective of the *degree* of relationship; and, it appearing from the evidence that a majority of the votes, properly estimated (*Mattox* v. *Embry,* 131 *Ga.* 283 (2 *d*), 62 S. E. 202), were cast for Mr. Rowe, a finding in favor of the caveatrix was authorized, if not demanded; and it was therefore error to direct the verdict in favor of the applicant.

Without undertaking to analyze or discuss the authorities that are deemed to have bearing upon the question presented, we think the conclusion stated is required by the following cases, studied in the light of the statute. *Mandeville* v. *Mandeville,* 35 *Ga.* 243 (3); *Halliday* v. *DuBose,* 59 *Ga.* 268; *Murdock* v. *Hunt,* 68 *Ga.* 164; *Tanner* v. *Huss,* 80 *Ga.* 614 (6 S. E. 18); *Jackson* v. *Jackson,* 101 *Ga.* 132 (28 S. E. 608); *Mallox* v. *Embry,* 131 *Ga.* 283 (2) (62 S. E. 202); *Megahee* v. *Megahee,* 143 *Ga.* 738 (85 S. E. 877); *Dawson* v. *Shave,* 162 *Ga.* 126 (132 S. E. 912), s. c. 35 *Ga. App.* 343 (133 S. E. 313); *Pierce* v. *Smith,* 25 *Ga. App.* 101 (102 S. E. 648); *Popwell* v. *Nail,* 27 *Ga. App.* 97 (107 S. E. 364); *Pate* v. *Pate,* 28 *Ga. App.* 798 (113 S. E. 50); *Davis* v. *Davis,* 33 *Ga. App.* 628 (127 S. E. 779).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

ON MOTION FOR REHEARING.

BELL, J. The defendant in error moves for a rehearing because we have construed subsection 3 of section 3943 as applying in a case where there are only two of the next of kin, the contention being that the word "several" as used in such provision contemplates more than two. While in some decisions and lexicons the word is defined in effect as meaning three or more, a broader definition is frequently given. We think that the term as used in the statute under construction means any number not less than

two. There would be no reason for dealing with the rights of three or more, in the selection of an administrator, by any different rule from that which should be applied where the next of kin consisted of only two, but the relative rights of the next of kin should be the same in either case.

*Rehearing denied. Jenkins, P. J., and Stephens, J., concur.*