28058.  SMITH *v.* COLLINS.

Decided February 29, 1940.

*Elders & Odum,* for plaintiff in error. *P. M. Anderson,* contra.

STEPHENS, P. J. Carroll and Clarence Smith, sons of Mrs. Etta Smith, deceased, applied to the ordinary of Evans County to be appointed permanent administrators of her estate. Thereupon seven other children of the deceased filed with the ordinary their written selection and choice of L. Roy Smith, the oldest son of the deceased, as administrator. The applicants objected thereto on the ground that L. Roy Smith was not a fit person to serve as administrator in that he was an habitual drunkard and was interested adversely to the estate. A hearing was had before the ordinary and the following judgment was entered: "After hearing evidence and argument in this case it is the judgment of the court that the application of Carroll and Clarence Smith be denied, and that J. E. Collins, clerk of the superior court, be, and he is hereby, appointed as administrator of said estate." L. Roy Smith appealed to the superior court. On the trial before the jury in that court there was evidence introduced tending to establish the contentions of the original applicants that L. Roy Smith was not a fit person, and there was also evidence tending to show that while he drank whisky he was not an habitual drunkard and was a fit and competent person to serve as administrator. The evidence showed that the children of the deceased making the selection of L. Roy Smith constituted a majority of the children and of those interested as distributees, and that they were all above twenty-one years of age and capable of making their choice. The jury rendered the following verdict: "We the jury find in favor of the appellee, J. E. Collins." The court entered thereon the following judgment: "It is thereupon considered, ordered, and adjudged that letters of administration do issue to the appellee upon his complying with the requirements of the law in such cases as required." L. Roy Smith moved for a new trial on the general grounds, and, by amendment, added certain special grounds. The judge overruled the motion and L. Roy Smith excepted.

It is the policy of the law that the right to control the appointment of an administrator is ordinarily in the next of kin of the deceased. Code, § 113-1202. Where seven of the children of the deceased, being a majority of those interested as next of kin and dis-

tributees of the estate, and who are capable of expressing their choice, make a written selection of a fit person, from among them, to be administrator, the ordinary, or the jury on appeal, has no discretion whatsoever, and must appoint such person. Code, § 113-1202 (3); *Mandeville* v. *Mandeville,* 35 *Ga.* 243; *Popwell* v. *Nail,* 27 *Ga. App.* 97 (107 S. E. 364); *Pate* v. *Pate,* 28 *Ga. App.* 798 (113 S. E. 50); *Rowe* v. *Walker,* 40 *Ga. App.* 1, 3 (148 S. E. 762), and cit. However, where no such preference is expressed, the ordinary, or the jury on appeal, may exercise a discretion in selecting the one (referring to one of those entitled under the law as expressed in Code, § 113-1202, to be preferred in the appointment of administrator for a particular estate) best qualified for the office. Code, § 113-1202 (4).

Where there are persons qualified and entitled to administer an estate other than those contesting for the appointment, and there is no likelihood that the estate will go unrepresented, and the ordinary or the jury on appeal finds that none of those seeking to be appointed is fit, a stranger to the estate can not be granted letters of administration by the ordinary or the jury on appeal except in the manner pointed out in the Code, § 113-1202 (6). See Code, § 113-1202. (8). So, an order of the ordinary, or a finding of the jury on appeal, granting letters of administration in disregard of the provisions of the above section of the Code, is void. Jennings *v.* Smith, 232 Fed. 921, 922 (6). "If, from any cause, there is no county administrator in any county, and there is an estate not represented and not likely to be represented, it shall be the duty of the ordinary of any such county to vest the administration of such estate in the clerk of the superior court of said county." Code, § 113-1307. This is so because no one else will be appointed. In *Bailey* v. *McAlpin,* 121 *Ga.* 111 (48 S. E. 699), it is stated: "It is not contemplated that he [the clerk of the superior court] shall come into competition with others, or that he shall be appointed in the first instance, but he is to be appointed only as a last resort." Before the clerk of the superior court as such can be granted letters "the estate must not only be unrepresented, but not likely to be represented." Since there are next of kin of the deceased applying for letters of administration, it clearly does not appear that the estate here is likely to be unrepresented. Therefore the appointment of the clerk of the superior court, where there was no county

804

administrator, was illegal, notwithstanding it may be assumed that the person selected by the majority of the next of kin was not a fit and proper person to administer the estate.

J. E. Collins, clerk of the superior court, who was appointed administrator, not being a creditor, distributee, or an heir at law, is a stranger to the estate. A stranger to an estate, who is not the county administrator, or who is not the clerk of the superior court in a county where there is no county administrator, can not be appointed administrator of an estate, except in the manner provided in Code, § 113-1202 (6), that is, where he is selected by "the persons entitled" to the estate. The verdict in favor of J. E. Collins, notwithstanding the jury may have found that L. Roy Smith was an unfit person to administer the estate, was contrary to law and without evidence to support it. The court erred in overruling the motion for new trial. The rulings above made dispose of the grounds of error complained of in the motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*