28002. KENNEDY *et al.*, administrators, *v.* JOHNSON.

Decided March 6, 1940.

*Elders & Odum, S. T. Brewlon,* for plaintiffs in error.

*P. M. Anderson,* contra.

Felton, J. This case is an exception to an order overruling a motion for new trial in a citation for settlement by the heirs of Walter H. Kennedy against the administrators of the estate, on an appeal from the court of ordinary. In the trial in the superior court the judge submitted to the jury the question of rental value of land rented from the estate by the administrators, and the jury found the sum of $131.07. The court directed a verdict as to the other issues in the case, the effects of which were as follows: (a) To award to the widow the sum of $50 principal, plus interest to date of verdict and judgment in the sum of $63.57, with future interest at 8 per cent., as balance due on the amount set apart to her as a year's support; (b) To disallow commissions on property delivered in kind to the widow as part of her year's support; (c) To disallow credit to the administrators for contracts made with themselves without an order from the court of ordinary; (d) To disallow commissions on sums received and paid out during the

years for which no annual return was filed. The plaintiffs in error do not contend that the finding by the jury should be set aside, their only contention being that the verdict directed by the court was erroneous.

1. The direction of a verdict for the widow for $50 year's support and interest was error. Assuming that it otherwise would have been legal, it appeared from the evidence that the administrators sued the widow in a justice's court on a note which she delivered to them for rent. She set off the balance due her on the judgment awarding her a year's support, and obtained in the justice's court a judgment for $50, upon which execution issued. When she pleaded the year's-support judgment she surrendered it, and there was substituted for it the subsequent judgment. The judgment of the justice's court became barred long before citation for settlement was filed. The widow's claim, therefore, for the balance due on the year's support was barred. However, it was adjudicated in· the justice's court that the $50 balance on the year's support had not been paid up to the time of the judgment in the justice's court, and the evidence showed that it had not been paid since that time. It follows that the administrators owed the *heirs*, the plaintiffs, this $50 principal sum, without interest.

2. There was no error in the directed verdict, so far as the disallowance of commissions on property delivered in kind to the widow as a part of her year's support, in the absence of a special order by the ordinary allowing them. Code, § 113-2004.

3. It was error to disallow credits to the administrators for contracts made with themselves without an order from the court of ordinary. The approval of final returns which show such payments on their face is approval which meets with the requirements of the law. *Sturgis* v. *Davis,* 157 *Ga.* 352 (1 *b*) (121 S. E. 318).

4. It was error to disallow, as a matter of law, commissions on sums received and paid out in the years during which no returns were made. It is in the discretion of the court to allow such commissions. The ordinary allowed them in this case and in the judgment appealed from, and on appeal it was a question for the jury as to whether the forfeiture should be excused. Code, § 113-2006.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*