28923.   SIMS *v.* HORNE, *et al.*

DECIDED JUNE 21, 1941.

*Joel B. Mallett,* for plaintiff in error.

*Eugene Horne, Robert S. Horne, George R. Ellis, W. E. Watkins,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) In the granting of letters of administration the ordinary shall follow the

rules laid down in the Code, § 113-1202. Under this section where there is no spouse surviving an intestate, "the next of kin, at the time of the death, according to the law declaring relationship and distribution," shall be entitled to administer the estate, and if there "be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate, and who are capable of expressing a choice, shall be appointed." Where the person selected by a majority of the next of kin is competent and qualifies as administrator, the ordinary has no discretion in the matter. The person so selected by a majority of the next of kin is entitled to the appointment as a matter of law. *Pate* v. *Pate,* 28 *Ga. App.* 798 (113 S. E. 50); *Davis* v. *Davis,* 33 *Ga. App.* 628 (127 S. E. 779). There was no evidence that Mrs. J. W. Horne, the person selected by the caveators, who testified that they were the first cousins of the deceased and her next of kin and that they were the only first cousins of the deceased residing in Georgia, was not a person of sound mind or that she was laboring under any disability.

The Code, § 113-1202 (5), provides: "Where no application shall be made by the next of kin, a creditor may be appointed." It is argued by the plaintiff in error that the ordinary had a discretion in this case, which he exercised in the appointment of Sims, a creditor, as co-administrator with Mrs. Horne, who was a first cousin and the person selected by the other first cousins who resided in Georgia, in that it did not appear that the caveators were the only first cousins of the deceased, and it did not appear that the person selected by them was selected by a majority of the next of kin interested as distributees, for the reason that it only appeared that the caveators comprised all the next of kin residing in Georgia, and it did not appear that there were no other first cousins who resided outside of Georgia. The plaintiff in error therefore contends that it does not appear that the caveators are a majority of the next of kin of the deceased, and for this reason the ordinary had a discretion in the selection of the administrator. The Code, § 113-1202 (4), provides that if there is no selection by the next of kin equally near in degree "the ordinary may exercise his discretion in selecting *the one* best qualified for the office." The plaintiff in error contends that under this provision the ordinary could appoint a creditor of the deceased. The Code, § 113-1202,

does not provide that where no selection is made by a majority of the next of kin the ordinary may appoint a creditor. It provides only that where no application shall be made by the next of kin a creditor may be appointed. Code, § 113-1202(5). It is our opinion that, under the Code, where there are next of kin equally near in degree who apply for letters of administration a creditor may not be appointed, but the ordinary "may exercise his discretion in selecting the one best qualified for the office," meaning the next of kin best qualified for the office.

It follows that, regardless of whether the caveators constitute a majority of the next of kin equally near in degree to the deceased, where there is an application for appointment by any one of the next of kin the ordinary can not appoint a creditor.

The verdict directed, sustaining the caveat to the application of Sims for appointment, interposed by three of the next of kin equally near in degree, and ordering the ordinary to appoint one of the next of kin as administratrix of the estate, there being no question as to the fitness of such person, was demanded as a matter of law under the evidence.

The court properly overruled the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*