33455.   BELL *et al. v.* BRYAN.

DECIDED JUNE 9, 1951.

*Fred A. Gillen, M. C. Barwick,* for plaintiffs in error.
*Joseph G. Faust,* contra.

WORRILL, J. "In the granting of letters of administration of any kind, the following rules shall be observed, the applicant being required, in all cases, to be of sound mind, and to be laboring under no disability. . . 3. If there shall be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate, and who are capable of expressing a choice, shall be appointed." Code, § 113-1202. If the person thus selected by a majority of such heirs be competent and laboring under no disability, neither the ordinary, nor the jury on appeal to the superior court has any discretion in the matter, but must appoint the person so selected. *Pate* v. *Pate,* 28 *Ga. App.* 798 (2) (113 S. E. 50); *Davis* v. *Davis,* 33 *Ga. App.* 628 (127 S. E. 779).

There is no dispute that two of the heirs, after signing a written request that Bryan be appointed administrator, changed their minds, signed another written request that Johnson be appointed, and thereafter joined in the caveat to the application of Bryan. Under such circumstances, we think it is clear that upon the trial of the caveat in the court of ordinary the majority of

the interested parties were in favor of the appointment of Johnson and that the same was true upon the trial of the case in the superior court. It is immaterial that these two persons had previously selected Bryan. They had changed their minds and made that change known in the most notorious way possible, before the applicant had filed his application, by simply signing a request that another be appointed, and by thereafter joining in a caveat to Bryan's application. No other form of writing or course of action could have been more effective to revoke their former request. Upon the trial of the question in the court of ordinary, the ordinary must base his order on the facts as they exist at that time, not as they were at some prior time. On that date the evidence demanded the finding that seven of the twelve heirs interested as distributees of the estate were in favor of Johnson as administrator, and under the rules announced in the cases cited above, the ordinary had no discretion other than to appoint Johnson. The power of the jury in the superior court was exactly the same as that of the ordinary, and the trial court erred in overruling the motion for a new trial on the general grounds.

*Judgment reversed. Sutton, C.J., and Felton, J., concur.*