36082, 36083, 36084, 36085, 36088, 36089, 36090, 36091, 36092.
FULLER et al. v. MOISTER (nine cases).
36086, 36087. FULLER v. MOISTER et al. (two cases).

HILL, Justice.

For at least twenty years, Frank Fuller served as the County Administrator and Ex-Officio County Guardian of Fulton County. In that capacity, between 1957 and 1976 he was appointed as the guardian or estate administrator of the ten estates involved in this litigation.[1] In October, 1976, Fuller executed affidavits stating that funds from his estate accounts deposited in legal depositories had been withdrawn on unauthorized signatures; i.e., forgeries, and were not on hand. In his affidavits, he stated that on about June 29, 1976, he learned for the first time that these unauthorized withdrawals had been made on his accounts as fiduciary by means of forged withdrawal slips, and that he believed the person who forged the withdrawal slips was his former secretary, who had voluntarily abandoned her employment on June 29, 1976. On October 3, 1977, Fuller was removed from office. His final accounting in each estate was challenged in litigation in the Probate Court of Fulton County. While his appeals (and those of his surety, Commercial Union, in those cases in which it was a party) were pending, Roger Moister, his successor fiduciary, filed these actions seeking accountings from Fuller and judgments against Fuller and Commercial Union. On Commercial Union's motion, the banks used by Fuller as depositories for the estate funds were joined as party defendants. The trial court stayed the appeals from the probate court pending the outcome of these proceedings.

Having been so orderd by the trial court, Fuller provided Moister with a summary of accounting in each estate. After reviewing the accounting, Moister moved for summary judgment in each estate. In support of his motions, Moister filed, in each case, inter alia, the following documents: (1) Fuller's affidavit of forgery;[2] (2) Copy of the bond issued by Commercial Union; (3) Copy of the fiduciary letter

---

[1] Although only ten estates are involved, there are eleven appeals because as to one estate, Fuller was covered by bonds from two sureties. Thus in that case the plaintiff filed two motions for summary judgment, both of which were granted. Although neither of those sureties has appealed, Fuller appealed the grant of both motions. Commercial Union is the surety in the other nine cases. We wish to commend counsel on both sides for the extraordinary efforts they have made in filing a single brief applicable to all 11 cases and for the clarity of their presentation of the common and disparate issues.

[2] For purpose of these appeals we accept the facts stated by Fuller in his affidavits that the funds were withdrawn on forged signatures.

issued to Fuller by the probate court; (4) Affidavit of a clerk of probate court stating that Fuller had not filed an annual return each year and that the judge of probate court had not entered a special order relieving Fuller from forfeiture of commissions for not filing annual returns; (5) Fuller's summary of accounting and Moister's review of it; (6) Moister's affidavit of amount due and receipts from Fuller; (7) In several estates, an affidavit by an employee of the bank which was the legal depository stating what interest would have been paid if the money had remained on deposit. The defendants filed no affidavits or other evidence in opposition to the motions. Following a hearing, the trial court granted Moister's motions for summary judgment. Fuller and Commercial Union appeal.

1. On appeal, Fuller argues that the trial court erred in ruling that he forfeited his commissions as a matter of law. He 'does not, however, assert that he filed annual returns in any of these estates, and the uncontradicted evidence shows that he did not. As this court stated over a century ago in *Fall v. Simmons,* 6 Ga. 265, 273 (3) (1849), "The language and the policy of our Statute on this subject is perfectly plain." Under Code Ann. § 113-2006 and Code Ann. § 49-231, guardians and administrators who fail to make annual returns as required by law forfeit their commissions for those years unless the judge of the probate court orders them relieved of this forfeiture. No such orders have been entered. This was not an appeal from an order of the probate court allowing or disallowing commissions. Thus the trial court correctly held that Fuller forfeited his commissions for each of the years in which he failed to make the required annual returns. *Fall v. Simmons,* supra; *Lane v. Tarver,* 153 Ga. 570, 584 (113 SE 452) (1922). The cases relied upon by Fuller, *Clements v. Fletcher,* 161 Ga. 21, 51 (129 SE 846) (1925); *Adair v. St. Amand,* 136 Ga. 1 (70 SE 578) (1911); and *Kennedy v. Johnson,* 61 Ga. App. 855, 856 (7 SE2d 752) (1940), contain nothing to the contrary. The trial court did not err in granting summary judgment to the plaintiff as to the commissions.

2. Fuller and Commercial Union also argue that he cannot be held liable as a matter of law because the evidence shows that he put the funds in a legal depository from which they were withdrawn without authorization by means of forged instruments. It may be that on those facts, nothing else appearing, Fuller would not be liable as a matter of law. But here other facts appear; the record shows that at least $42,074 was taken over an 18-month period by means of 81 or more separate unauthorized withdrawals from these 10 estates.[3]

---

[3]According to our calculations there were as many as 91 unauthorized withdrawals (see Case Nos. 36084, 36088) totaling $43,051.32 (see Case No. 36083, R. 71).

Fuller offers no explanation or excuse for his failure to notice that these allegedly unauthorized withdrawals had been made, but rather relies upon his affidavit placing the blame on his former secretary, and upon his having placed the funds in legal depositories, to create material issues of fact as to his liability.

Fuller argues that a fiduciary is not the insurer of funds entrusted to him which he deposits in a solvent depository. He relies on the rule that a fiduciary is not liable as a matter of law where he has deposited funds in a legal depository of solvent reputation which he has no reason to believe is insolvent and the funds, through no fault of his, are lost due to the insolvency of the depository. *Gross v. Butler,* 48 Ga. App. 750 (173 SE 866) (1934); *Owen v. Anderson,* 54 Ga. App. 53 (186 SE 864) (1936). This principle does not encompass the argument Fuller makes that having placed the funds in a solvent legal depository in and of itself insulates him from liability for their loss. The depositories did not become insolvent and whether the funds were lost due to the fault of Fuller is the issue in these cases. (Although it could be argued that, except for the solvent depository exception, a fiduciary could be liable as a matter of law for unaccounted funds, we do not find it necessary to decide that issue here.)

Fuller also cites *Tarver v. Torrance,* 81 Ga. 261 (6 SE 177) (1888), for the proposition that a jury issue was presented on the question of whether the loss resulted from his failure to exercise due diligence. In that case, this court affirmed a jury verdict finding an estate administrator liable for $1000 out of $2200 which he was carrying contrary to suggestions that he leave the money on deposit. The $1000 was lost when he was relieved of it by a pickpocket on a street car. This court held that "[T]he question [was] whether the loss resulted from his failure to exercise ordinary diligence. The jury could well have concluded that he was negligent, and that he ought to have taken better care of the money." Id. at 264-65.

On these facts, however, we hold there is no question for the jury. Evidence that a fiduciary entrusted with the administration of ten estates has so neglected his duty as to allow over $40,000 to be stolen from the estates by numerous forged signatures of the fiduciary over an 18 month period, absent any explanation, amounts to negligence as a matter of law. The evidence of negligence here is plain and undisputable. See *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448 (224 SE2d 25) (1976); *Bourquin v. Bourquin,* 120 Ga. 115, 117-118 (47 SE 639) (1904). The trial court did not err in granting summary judgment as to the defendant's liability for the unauthorized withdrawals.

3. Fuller and his surety also maintain that Moister is not

entitled to summary judgment against them because there is a question of material fact as to whether the loss was caused by Fuller's negligence or by the conduct of the legal depositories. Given our holding in Division 2 that Fuller and therefore his surety are liable in these cases for the losses as a matter of law, this amounts to an assertion that a plaintiff injured by the acts of joint tortfeasors must obtain simultaneous verdicts. This is plainly not the law. Code Ann. § 105-2012.[4]

4. Finally, Commercial Union asserts that the trial court erred in entering certain of the judgments against Commercial Union because they exceed the penal sum of the bonds relied upon by Moister. Moister concedes this point. On remand the trial court is directed to reduce the judgments against Commercial Union so that they do not exceed the penal sum of the bonds.

Fuller and Commercial Union also assert that even assuming summary judgment was properly entered as to liability, the mathematical computations submitted by Moister and relied upon by the trial court in determining the principal sum due were erroneous on their face in some of the estates. They argue that this court can take judicial notice of errors in mathematical computations. Because of these discrepancies urged by the defendants (see also fn. 3, supra), and because the judgments against Commercial Union must be changed in any event, we also vacate the judgments insofar as they state the principal sums due so as to permit those sums to be recalculated in the trial court.

*Judgments affirmed in part; vacated in part with direction. All the Justices concur.*

36082, 36083, 36085, 36086, 36087, 36088, 36089, 36090, 36091, ARGUED APRIL 15, 1980; 36084, 36092, SUBMITTED APRIL 15, 1980 — DECIDED SEPTEMBER 5, 1980 — REHEARINGS DENIED SEPTEMBER 23, 1980.

*William H. Major, Robert A. Bartlett,* for appellants (Case Nos.

---

[4]On the original defendants' motion, the legal depositories were added as necessary party defendants. Code Ann. § 81A-119. In our view they were not necessary parties, but they were subject to being sued by the estates. Therefore, having had them joined as defendants does not give the original defendants the right to insist that plaintiff proceed against them, even though he might. The original defendants' cross claims against the legal depositories are pending and can proceed as suits by the original defendants if the summary judgments in favor of Moister are satisfied. In this regard, we agree with the plaintiff that where the liability of the fiduciary is established, neither he nor his surety can postpone payment of sums due while they litigate with others who possibly are also liable. We do not in this opinion express any opinion as to the liability of the depositories.

36082, 36083, 36084, 36085, 36088, 36089, 36090, 36091, 36092).
*Frank Fuller,* pro se.
*Roger W. Moister, Jr.,* for appellees.