68339, 68340. SHACKELFORD v. WHATLEY; and vice versa.
(322 SE2d 331)

BENHAM, Judge.

Appellant Janice Whatley Shackelford brought a petition in probate court for the removal of appellee Julian M. Whatley as administrator of the estate of Shackelford's father, Thurmon Whatley, Sr., alleging that appellee was unfit to continue as administrator as a result of his waste, mismanagement of the estate, and conflicts of interest. Specifically, appellant asserted that when appellee was appointed administrator on January 29, 1965, he was indebted to the estate in the amount of $104,506 for the purchase of certain property and on an outstanding account, but did not make final payments on these debts until December 29, 1981, and did not pay any interest; that for a period of 15 years, until he filed the final return on December 30, 1981, appellee failed to make an annual accounting for funds he was holding in the estate; that notwithstanding appellant's demand that interest be paid pursuant to OCGA §§ 53-13-27 and 53-13-28, appellee had refused to pay interest on funds he used personally; and that appellee had illegally purchased property from the estate to its detriment. Appellant sought forfeiture of appellee's commissions from 1967 through 1980, plus interest; removal of appellee as administrator of the estate; appointment of herself as administratrix de bonis non; and an accounting of the estate assets.

Appellee answered with a general denial of all allegations of wrongdoing; by amendment he admitted the failure to file annual returns for the years 1967 through 1980, showing that they were filed in

1981, and sought an order saving him from forfeiture of commissions for failure to timely file the returns. By consent of the parties, the case was appealed without judgment to the superior court for jury trial. The trial court removed from jury consideration the issue of appellant's appointment as administratrix de bonis non and denied her motions for directed verdict on the removal and forfeiture issues. The jury returned a verdict in favor of appellee on both questions. The main appeal (Case No. 68339) is from the judgment entered on that verdict. Appellee cross-appealed (Case No. 68340) in regard to a charge requested by appellant and given by the court concerning the time within which an administrator is required to pay a debt he owes to the estate.

1. Appellant contends that the trial court's failure to direct a verdict in her favor on the issue of removal of appellee as administrator was error. We disagree.

During the trial appellee testified without contradiction that his uncle Thurmon Whatley, for whom he worked in Whatley's warehouse business, executed and delivered to him a deed and bill of sale to the warehouse property, without the payment of any money, pursuant to a verbal agreement between them that the purchase price of $100,000, "including interest and everything . . . [would be paid] out of either monies that could be raised or monies that were made out of Whatley's warehouse . . . with the ample amount of time that it would take to do that." Appellee paid the estate $60,000 on April 11, 1966; $10,000 on May 2, 1975; $10,000 on May 9, 1975; and $20,000 on December 19, 1981. Appellee further testified that at the time of the agreement he owed his uncle $4,500 which he repaid to the estate without interest; and that during his uncle's lifetime he repaid other accumulated debts without interest. He also testified that he had not been advised either by the probate judge or the attorney for the estate that there was a requirement to file annual returns and that there were no complaints about his failure to file such returns until appellant did so in the later part of 1981, at which time he "immediately" filed a return for every year reflecting "every penny" he ever received. There was no evidence of waste of the property.

The procedure for removal of an administrator for mismanagement of an estate is set forth in OCGA § 53-7-148, which provides that the matter of removal, or any other remedy expedient under the circumstances of the case, is within the discretion of the probate judge. On appeal to the superior court, that discretion is to be exercised by the jury. *Stanley v. Spell*, 46 Ga. App. 91 (2) (166 SE 669) (1932). In view of the statutory grant of discretion, a jury is not required to remove an administrator, even if he is guilty of mismanagement or misconduct. *Lokey v. Lokey*, 82 Ga. App. 171 (3) (60 SE2d 569) (1950). Where there is nothing in the evidence to show waste or

danger of the waste of the property, but merely a loan that has been repaid, there is no abuse of discretion in refusing to remove the administrator. *Patterson v. Patterson*, 208 Ga. 17 (2) (64 SE2d 585) (1951). Moreover, the jury may consider any explanation the administrator offers for his actions. If the jury is satisfied with the explanation, it would be authorized to find that such actions are insufficient grounds for removal. *Allmond v. Johnson*, 153 Ga. App. 59 (2) (264 SE2d 544) (1980). The trial court correctly refused to grant appellant's motion for directed verdict on the issue of removal of appellee as administrator, leaving the issue for the jury to decide.

2. The trial court also correctly refused to direct a verdict in appellant's favor on the issue of forfeiture of commissions. Pursuant to OCGA § 53-6-146, administrators may be relieved from forfeiture of commissions for failure to make annual returns by special order of the probate court. The parties consented that no ruling be made in the probate court on this issue, and since it would be error to disallow, as a matter of law, commissions in years during which no returns were made, it was proper for the jury to determine whether the forfeiture should be excused. See *Kennedy v. Johnson*, 61 Ga. App. 855 (4) (7 SE2d 752) (1940). Compare *Fuller v. Moister*, 246 Ga. 397 (1) (271 SE2d 622) (1980).

3. During the trial, the court commented that it failed to see the relevancy of certain pieces of evidence sought to be admitted, but would admit the evidence for what it was worth. Appellant contends the comments were expressions of opinion by the court as to what had or had not been proved, in violation of OCGA § 9-10-7. It was incumbent upon appellant to object or move for a mistrial at the time the remarks were made. *Freedman v. Housing Auth. of Atlanta*, 108 Ga. App. 418 (136 SE2d 544) (1963). Having failed to do so, she is precluded from raising the issue for the first time in a reviewing court. *Royal Crown Bottling Co. v. Stiles*, 82 Ga. App. 254 (3) (60 SE2d 815) (1950). Even so, the remarks would not have required the grant of a new trial. See *Woodruff v. Bowers*, 165 Ga. 408 (5) (140 SE 844) (1927).

4. Appellant also complains that reversible error occurred when the trial judge commented on her requests to charge in the presence of the jury while announcing which charges would or would not be given immediately prior to closing arguments. We find no such error. OCGA § 5-5-24 (b) requires the court to "inform counsel of its proposed action upon the requests prior to their arguments to the jury," but is silent as to whether it should be done outside the presence of the jury. We have not found, nor have we been cited to, any appellate opinions of this State dealing with this point. However, in cases involving the trial court's duty to inform counsel of the proposed action to be taken before giving the charge it has been consistently held that

in order to warrant a reversal or new trial for failure to comply with this rule, prejudice must be shown, and the burden is on the complaining party to show harm. See *Jackson v. Meadows*, 157 Ga. App. 569 (1) (278 SE2d 8) (1981).

While we agree that the better practice is to announce the charges in a conference outside the presence of the jury, we find nothing in the trial court's comments to be so prejudicial as to influence the jury or to mislead or hamper counsel in his closing argument, especially since the court accepted or rejected the requested charges by number only. Moreover, although the jury was present during the conference between court and counsel, they were properly removed after the charge was given, at which time appellant's attorney objected in some detail to the method by which the requested instructions were announced as well as the substance of the charge as given. Accordingly, we conclude that there has been no showing of such harm as to constitute a violation of OCGA § 5-5-24 (b) requiring reversal for a new trial.

5. We have carefully reviewed appellant's requested charges which the trial court refused to give, and find that each charge was properly refused because it contained an incorrect statement of the law, was argumentative, confusing, not adjusted to the evidence introduced at trial, or was covered by the instructions given. The charge to the jury, read as a whole, accurately stated the applicable law. "It is not the province of this court to weigh a charge given against a requested charge to determine which, in our opinion, would have been better. The scope of our review is limited to evaluation of alleged harmful errors and we will not assign error to a trial court's preference for its own language over that proposed by a party in a request to charge if the charge given, read together with the charge as a whole, correctly states the applicable law and principles such that it fully and fairly presents the issue[s] to the jury. [Cits.] . . . We therefore find no error." *Mercer v. Woodard*, 166 Ga. App. 119, 120 (303 SE2d 475) (1983).

6. The charge requested by appellee and given by the trial court, to which appellant objects as being misleading and confusing because it improperly advised the jury what the probate court could or could not do, was not reversible error. Rather, it was a correct explanation to the jury of its responsibility under OCGA § 53-7-148, and was especially appropriate since by consent of the parties no decision was reached in the probate court. Compare *Allmond v. Johnson*, supra.

7. Appellant has shown no harm from the trial court's withdrawal of Count 3 from the jury; since appellee was not removed as administrator, the jury could not appoint appellant as administratrix de bonis non as sought by this pleading. *Smith v. Collins*, 61 Ga. App. 801 (7 SE2d 600) (1940), relied upon by appellant, is inapposite be-

cause in that case the issue was the appointment, not the removal, of the administrator.

8. In light of the jury verdict in favor of appellee, which we have upheld, we fail to see how the cross-appeal raises any issue of prejudicial error. It is an old and sound rule that to be reversible, an error must be harmful. This court corrects only such errors as have practically wronged the complaining party. *Blue Cross &c. of Atlanta v. Pouseman*, 167 Ga. App. 240 (305 SE2d 855) (1983). We find no reversible error in either the appeal or the cross-appeal.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 17, 1984.

*Thomas J. Venker*, for appellant.
*Edward A. Davis*, for appellee.