## 74137. HIERS-WRIGHT ASSOCIATES, INC.
## v. MANUFACTURERS HANOVER MORTGAGE
## CORPORATION et al.
### (356 SE2d 903)

McMurray, Presiding Judge.

Plaintiff Hiers-Wright Associates, Inc., a general contractor, brought suit in the Superior Court of Fulton County against Manufacturers Hanover Mortgage Corporation, South Hills Associates, a Michigan limited partnership, Steven J. Hayman and Allen J. Hayman, individually, and as general partners of South Hills Associates, a Michigan limited partnership, seeking additional compensation for an apartment rehabilitation project. The jury returned a verdict in favor of plaintiff in the amount of $49,600, and judgment was entered accordingly. Thereupon, defendants moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court awarded judgment notwithstanding the verdict to defendants. In addition, the trial court conditionally granted defendants' motion for a new trial ("if the Judgment for Defendants is vacated or reversed"). See OCGA § 9-11-50 (c). Plaintiff brings this appeal. *Held*:

1. Plaintiff contends the trial court erred in considering defendants' motion for judgment notwithstanding the verdict because it was not "sufficiently definite to inform" plaintiff of defendants' contentions. See OCGA § 5-6-49 (b). This contention is without merit.

It is axiomatic that harmful error is to be found only where error and prejudice converge. In the absence of a showing of harm, a reversal of the trial court's judgment is not warranted. *Shackelford v. Whatley*, 172 Ga. App. 127, 131 (8) (322 SE2d 331). Although the motion itself did not spell out why defendants were entitled to judgment, it was accompanied by a brief which set forth defendants' contentions in this regard. Moreover, the motion for judgment notwithstanding the verdict was made in accordance with the motion for directed verdict wherein defendants specifically informed the court and plaintiff of their contentions. See generally *Nationwide Mut. Fire Ins. Co. v. Rhee*, 160 Ga. App. 468, 469 (1) (287 SE2d 257). Thus, it cannot be said that plaintiff was prejudiced by the failure of the motion itself to inform plaintiff of defendants' contentions. The alleged error does not warrant a reversal. *Shackelford v. Whatley*, 172 Ga. App. 127, supra.

2. "As with a directed verdict, a motion for judgment notwithstanding the verdict is proper only where 'there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict.' Code Ann. § 81A-150 (a) [OCGA § 9-11-50 (a)]. *State Farm Mut. Auto Ins. Co. v. Snyder*, 125 Ga. App. 352 (187 SE2d 878) (1972); *Canal Ins. Co. v. Tate*, 111 Ga. App. 377, 386 (141 SE2d 851)

(1965)." *United States Fidelity &c. Co. v. Blankenship Plumbing Co.*, 153 Ga. App. 335, 336 (2) (265 SE2d 66). In applying this standard, we must view the evidence in a light most favorable to the party securing the jury's verdict. *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 159 (256 SE2d 916). Viewing the evidence in a light most favorable to plaintiff, we find the following:

Plaintiff entered into a construction contract with Wellington South Company, a Georgia limited partnership, for the rehabilitation of an apartment complex. Defendant Manufacturers Hanover Mortgage Corporation provided the financing for the project. On or about August 5, 1980, after plaintiff began work, Wellington South Company sought protection under Chapter 11 of the Bankruptcy Code (Title 11 USCA § 1101 et seq.). Complying with a request from Manufacturers Hanover Mortgage Corporation, plaintiff secured the premises and ceased further work on the project.

In the winter of 1980-1981, while the bankruptcy proceeding was pending, plaintiff was asked to inspect the buildings because it was anticipated that work would begin again. Plaintiff observed that two buildings (F and H) were damaged as a result of freezing weather conditions. Shortly thereafter, plaintiff entered into negotiations with Wellington South Company and Manufacturers Hanover Mortgage Corporation for the repair of the freeze damage found in buildings F and H. On March 5, 1981, plaintiff entered into another contract with Wellington South Company (with the approval of the bankruptcy court) to repair the water damage in the two buildings. That contract required plaintiff to repair pipes, replace sheetrock and fix other items affected by the freeze. Plaintiff was to be paid on a cost plus basis for the additional work. However, a $24,000 cap was placed upon the "freeze damage" contract.

Thereafter, plaintiff began to repair the damage found in buildings F and H. As work progressed, plaintiff discovered that the winter weather wreaked massive water damage upon the two buildings. The damage was far greater than plaintiff anticipated.

Plaintiff informed Manufacturers Hanover Mortgage Corporation that it was experiencing large cost overruns with regard to buildings F and H. According to plaintiff's representative, Manufacturers Hanover Mortgage Corporation orally responded by agreeing to reimburse plaintiff for its plumbing cost overruns.

Plaintiff completed its work on the project in December 1981. In the meantime, Manufacturers Hanover Mortgage Corporation took over the apartment complex after successfully bidding at a foreclosure sale of the property. Plaintiff received payment for its work under the rehabilitation contract; it also received $24,000 for the "freeze damage" contract. Plaintiff was not paid, however, for the plumbing cost overruns it incurred with regard to buildings F and H.

Based on the foregoing facts, we conclude that the trial court properly granted defendants' motion for judgment notwithstanding the verdict. "The question on which the decision of the present case turns is whether the evidence adduced upon the trial showed the parol contract sued upon to be an enforceable agreement. Assent of the parties to the terms of the contract and a consideration for the performance of the same are essential requisites to its validity. Where either of these elements is lacking the contract is not binding or enforceable. Code § 20-107 [OCGA § 13-3-1].

"The plaintiff, under the terms of the parol agreement, assumed no obligation or duty that [it] was not bound to perform under the written contract [it] had previously entered into with [Wellington South Company]. . . .

"The Supreme Court held in *Johnson v. Hinson*, 188 Ga. 639, 644 (4 SE2d 561): 'An Agreement on the part of one to do what he is already legally bound to do is not a sufficient consideration for the promise of another.' A similar pronouncement for the principle is found in *Willingham Sash &c. Co. v. Drew*, 117 Ga. 850 (1, 2) (45 SE 237): 'Where one undertakes to perform for another service or labor for a given sum any amount paid in excess of that sum, not based upon a new consideration, is a mere gratuity . . . A employed B to build a house for the sum of $1,400. A paid the $1,400 before the completion of the house; and it becoming apparent that B would be unable to comply with the contract without suffering loss, B was told by A to estimate what sum would be necessary to complete the building, and upon being informed that $350 would be required, B was told to complete the building and this amount would be paid in addition. Under this latter arrangement B was to do only what was contemplated by the original contract. After the $1,400 had been paid and before the payment of the $350, A was served with a summons of garnishment in a suit against B, and judgment was rendered in favor of the garnishee. *Held*: (1) That the agreement to pay the additional sum of $350 was a nudum pactum. (2) That at the time of the service of the summons of garnishment the relation of debtor and creditor did not exist between A and B.' " *Robert Chuckrow Constr. Co. v. Gough*, 117 Ga. App. 140, 144 (2) (159 SE2d 469).

Since plaintiff was obligated to repair the freeze damage under the contract it entered into with Wellington South Company for $24,000, the parol promise of Manufacturers Hanover Mortgage Corporation to pay an amount in excess of that sum was unenforceable. Plaintiff was already bound to repair the freeze damage under the original contract. That undertaking was not a sufficient consideration for the promise of Manufacturers Hanover Mortgage Corporation. *Robert Chuckrow Constr. Co. v. Gough*, 117 Ga. App. 140, supra; *Johnson v. Hinson*, 188 Ga. 639, supra.

Plaintiff contends the cost overruns were incurred for extra work and that, therefore, the oral promise of Manufacturers Hanover Mortgage Corporation was supported by new consideration. In this regard, it asserts that the extent of the damage could not be ascertained until work was begun. Thus, it argues, the additional work was not contemplated by the contract. We disagree. The "freeze damage" contract called for plaintiff to make "plumbing repairs and repairs to sheetrock and other repairs due to water damage caused by freezing of water pipes in Buildings 'F' and 'H' . . ." The evidence shows that plaintiff submitted a bid to do that work with its eyes wide open. Plaintiff was given every opportunity to inspect the damaged apartments fully. It was only after it inspected the apartment buildings with its plumbing subcontractor that plaintiff submitted a bid to do the work called for in the contract. Under these circumstances, it cannot be said that plaintiff was entitled to additional compensation for the cost overruns. See *Talerica v. Grove Park Plumbing Svc.*, 103 Ga. App. 591 (120 SE2d 36); *State Hwy. Dept. v. MacDougald Constr. Co.*, 102 Ga. App. 254 (115 SE2d 863).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED APRIL 28, 1987.

*James F. Baker, Paul H. Kehir, S. Alan Schlact*, for appellant. *Douglas D. Salyers*, for appellees.