Moody vs. Moody.

WILLIAM L. MOODY, caveator, plaintiff in error, vs. THOMAS H. MOODY, applicant, defendant in error.

[1.] An appeal from the Court of Ordinary, like an appeal in other cases, carries up the whole case for a new hearing on all the legal evidence that can be produced, whether such evidence has been produced on the first trial or is first offered at the appeal trial.

[2.] In passing upon rival applications for letters of administration, by two persons standing equal in blood to the intestate, the facts that one of the applicants has been advanced to the extent of his full share in the estate, and is setting up an adverse claim to property which was in possession of the intestate at the time of his death, are facts which ought to be admitted in evidence and considered.

Caveat to granting administration, in Morgan Superior Court. Tried before Judge HARDEMAN, at September Term, 1859.

This was an application to the Court of Ordinary of Morgan county, by Thomas H. Moody, for letters of administration on the estate of John L. Moody, deceased, the father of applicant. William L. Moody, another and only other surviving son of intestate, filed a caveat to the granting said administration on the grounds, that the applicant claimed a large part of the estate of which deceased died possessed, and which claim was in conflict with his duties as administrator of said estate, and further, because said Thomas H. Moody had been advanced by intestate in his lifetime, more than his share of said estate, and had no interest in the same.

The Court of Ordinary pronounced in favor of the applicant, Thomas H. Moody, and awarded the administration to him, from which judgment caveator appealed.

At the trial in the Superior Court, caveator proposed to prove, that the intestate, John L. Moody, died possessed of a plantation and negroes, stock and other personal estate, worth about seventeen thousand dollars, and over which up to the time of his death, he exercised sole control and dominion as his own property. That of the whole of this estate said Thomas L. Moody claims to have been the owner before and at the death of the said John L. Moody, with the exception of a small portion, amounting to about twelve hundred dollars. He further proposed to prove that the said Thomas H. had received advancements from deceased in his lifetime, more than one-third the value of said estate, including all advancements made by deceased to his children. [It appeared that the heirs at law were Thomas H., the applicant, William L., the caveator, and the children of a deceased son of intestate.] All of which the Court rejected, and refused to allow the same to be introduced and submitted to the jury, upon the grounds, the same was irrelevant and insufficient, if true, to disturb the decision made by the Ordinary.

To which ruling counsel for caveator excepted.

The jury rendered the following verdict: "We the jury

Moody vs. Moody.

find in favor of the applicant, Thomas H. Moody, and affirm the judgment of the Court of Ordinary in granting to him letters of administration on the estate of John L. Moody."

Whereupon, counsel for caveator tendered their bill of exceptions assigning as error the decision aforesaid.

JOSHUA HILL, for plaintiff in error.

AUGUSTUS REESE, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

This is a contest between two brothers for administration on the estate of their father. William Moody, on the appeal trial, offered to show two facts, which he contended, disqualified, or tended to disqualify his brother Thomas—one was, that Thomas had already received his full share of the estate by way of advancement, and the other was, that Thomas was setting up an adverse claim to the larger part of the property of which the father died possessed. The Judge, excluded the evidence, but we think it ought to have been admitted. It was contended in argument that in deciding between rival applicants standing in the same degree, the Ordinary is clothed with a *discretion*, which will not be controlled, except for the violation of some rule of law. We do not think this is a correct view of the subject. If only errors of law in the Ordinary were to be corrected, the remedy would be *certiorari*, and not an appeal. But the remedy is appeal, and by our Act of 1821, (see *Cobb's Digest*, 497,] appeals from the Court of Ordinary are to be tried by a special jury "in the same way, and under the same regulations as other appeals." This takes up the whole case *de novo*, and submits it to the jury upon all the legal evidence which is produced *then*, without regard to what evidence may have been before the Ordinary, on the first trial. Whatever discretion is vested in

the Ordinary is passed to the jury by the appeal, and they ought to have submitted to them all evidence which tends to illustrate the personal fitness of rival applicants, no less than evidence, showing a legal disqualification of one of them. There is strong reason for saying that one of the facts offered to be proven in this case, that is, the fact that Thomas was not entitled to any part of the estate remaining to be administered, amounts to a legal disqualification of him in a contest with his brother, who has no such want of interest; for letters of administration, are by express statute to be granted according to the same rules which govern in the distribution of estates. Now, if he, who has been advanced his full share can have no further part of the estate, can he be entitled to administration against one, who has an interest in the estate? We decline to say that the fact in question amounts to a legal exclusion, but we do say, that it ought to have been submitted to the jury as bearing at least upon the personal fitness of Thomas. And so of the other fact, that he was claiming for himself a large part of the estate left by his father. If this were true, his interest was hostile to the interest of the estate, and estates like everything else in life, are generally better off in the hands of their friends than in the hands of their enemies.

Judgment reversed.