## COSBY *et al.* *v.* WEAVER, executrix.

1. While failure to make returns as required by law may be cause for removing an executor, it is not a compulsory ground for so doing, but one within the discretion of the court.
2. In the present case, a sufficient excuse for failing to make returns was shown, and there was no error in adjudging upon the proofs submitted that the other grounds upon which a removal was prayed for were without substantial merit.

Argued May 10,—Decided June 1, 1899.

Exceptions to auditor's report. Before Judge Butt. Talbot superior court. September term, 1898.

*J. J. Bull*, for plaintiffs.
*Persons & Son* and *J. M. Mathews*, for defendant.

LUMPKIN, P. J. By his last will and testament John C. Maund declared that it was, for sufficient reasons, incumbent upon him to specially provide for his unmarried daughter, Ida J. Maund. To this end he directed that his entire estate,

both real and personal, be set apart for the maintenance and support of this daughter, and that all the revenues arising therefrom be thus applied so long as she remained unmarried; and further, that in case these revenues were insufficient for her support and maintenance, his executors and executrix should for this purpose encroach upon the corpus itself. The testator divided his estate amongst his children, giving to this daughter more than a double portion. He appointed a brother and a son executors, and this daughter executrix, of his will, expressly provided therein that they should not be required to give bond or security, and relieved them from making any appraisement of his estate or from applying to the court of ordinary or any other court for leave to sell any of the property. In addition, the will contained a clause expressly conferring upon the executors and executrix power to sell and make titles to the property therein mentioned, and to do every act which the testator·in life was capable of doing, except to alter any of the provisions of the will. Upon the death of the testator, one of the executors and the executrix qualified. Subsequently this executor died, leaving her the sole representative of the estate. She had in the meantime intermarried with J. J. Weaver. The present case arose as follows: Fannie Cosby and others, devisees and legatees under the will, filed a petition, charging various acts of waste and mismanagement on the part of the executrix, and praying that, in default of her giving bond for the faithful performance of her duties as executrix, her letters testamentary be revoked. A trial was had in the court of ordinary, and a judgment was rendered in accordance with the prayer of this petition. The case went by appeal to the superior court, and was there referred to an auditor, who submitted a lengthy and detailed report of the actings and doings of the executrix, together with a finding that the estate had in nowise suffered from mismanagement, that she was solvent, and that her letters should not be revoked. The plaintiffs filed numerous exceptions to the report of the auditor, all of which were overruled, and the report made the judgment of the superior court.

It is not our purpose to enumerate or discuss separately all

of these various exceptions.   Most of them raised purely tech-
nical points as to the admissibility of evidence, some of which
were apparently well taken, but they did not relate to matters
of sufficient importance to authorize either the court below or
this court to set aside the general conclusion reached by the
auditor.   There is, however, one question presented which re-
quires special mention.   The auditor found, and it was not
denied by the defendant, that she had failed to make returns
as executrix.   In the absence of any explanation of her
omission to do so, this might well be treated as a sufficient
ground of removal; but an explanation which we regard as
satisfactory was in fact given.   It appeared that Mrs. Weaver
was honestly of the opinion that, under the broad powers con-
ferred upon her by the will, it was not incumbent upon her to
make returns, and that in this opinion she was confirmed by
the ordinary.   In her answer to the petition she expressed a
willingness to make full returns of all her receipts and dis-
bursements, in the event it should be adjudicated she was not
by the will exempted from so doing.   In view of these facts,
we have no hesitation in holding that, under the evidence re-
ported by the auditor, the judge of the superior court rightly
concluded that the executrix, in failing to make returns, had
not rendered herself subject to be summarily removed from
the execution of the trust with which she was clothed under
the will.   While a failure to make returns may often be cause
for removal, there is no compulsory mandate of the law that
in every case such failure shall of itself be regarded as im-
peratively demanding the removal from office of an adminis-
trator or executor.   As was said in *Wellborn* v. *Rogers*, 24 *Ga.*
558, such failure is unquestionably "an omission of duty, and
therefore a breach of trust, and throws on him the burden of
proving to the satisfaction of the court and jury that he had
discharged the duty of his trust with fidelity."   But whether
or not his letters shall be revoked for this reason alone is a
matter which rests in the sound discretion of the court.   Civil
Code, § 3402.   No exception was taken in the court below to
the order referring this case to an auditor, and no question
was raised here as to the propriety of giving the case that

direction.   We therefore make no ruling on this point, but simply deal with the case as it comes to us.

*Judgment affirmed.   All the Justices concurring.*