## HOPPER v. WILSON et al.

1. The failure to join issue in a claim case within five minutes after the announcement of ready by both parties is a sufficient reason for the judge to dismiss the levy; but if in the exercise of a sound discretion he refuses to dismiss the levy, his ruling will not be interfered with. Civil Code, § 5646.

2. The evidence was of such character as to demand the verdict, and the discretion of the court refusing to grant a new trial will not be interfered with.

Submitted April 18,—Decided August 8, 1907.

Claim. Before Judge Kimsey. Banks superior court. March 7, 1906.

*C. R. Faulkner* and *F. M. Johnson,* for plaintiff in error.

*H. H. Perry, W. B. Sloan, W. W. Stark,* and *A. J. Griffin,* contra.

ATKINSON, J. This was a claim case. Mrs. Hopper was claimant. Noah Walker was defendant in attachment. The jury found the property subject. The claimant moved for a new trial, which being refused, exception was taken and the ruling of the court refusing to grant a new trial is here for review. The first headnote sufficiently deals with the matter to which it relates. Error is assigned upon the charge of the court and upon the admission of certain evidence; but as the verdict was demanded by other evidence, omitting all reference to the evidence which was admitted over objection, we will not consider the assignment of error made upon the charge of the court, or upon the ruling of the court admitting the evidence to which objection was made. It remains only to deal with the general grounds. The plaintiff in attachment introduced the attachment record and levy describing an undivided one-half interest in a certain tract of land, and proved that J. M. Brooks had died before the attachment was sued out. The plaintiff then introduced a written agreement between the claimant, Julia A. Hopper, and the defendant in attachment, Noah Walker, made at the March term, 1894, of the superior court of Banks County, whereby they settled a suit then pending in said court between them, involving the title to the land, which agreement was approved and made the judgment of the court. By the terms of the agreement it was provided, among other things, that the said Julia A. Hopper should have possession of the premises

until the death of her father, the said J. M. Brooks, and after his death title to the same should "vest absolutely in fee simple, jointly and severally," in said Julia A. Hopper and Noah Walker, "their heirs and assigns, each an undivided one-half interest therein." The plaintiff having closed, the claimant offered certain evidence tending to show, that prior to her marriage with Hopper she had been married to one Walker, and by him had several children, all of whom had attained majority before the trial of the attachment and claim case; that her husband Walker died at some date which the record fails to disclose; that after the death of her first husband she married Hopper, who had also died, leaving her with one child, the issue of that marriage, who was a minor·at the time of the trial of the claim case; that she had been in continuous possession of the land for nearly forty years, and while in possession, she as the head of the family, in 1870, applied for and obtained a judgment of the court of ordinary setting apart the land in dispute as a homestead. She admitted having had the litigation with Noah Walker subsequently to the creation of the homestead, and the execution of the agreement and rendition of the judgment disposing of the litigation involving the assertion of title by Walker to the property in dispute. The title asserted was adverse to Mrs. Hopper, either as an individual or as the head of a family. The judgment conclusively settled the differences between them and vested title to the undivided one-half interest in the land now in dispute in the defendant in fi. fa., subject only to the condition that its possession should be postponed until the death of J. M. Brooks. Mrs. Hopper as an individual was plaintiff in the case against Noah Walker, and Mrs. Hopper as an individual is claimant in the case now under consideration. Under these conditions there is no room for contention that the agreement, which was made the judgment of the court in the first case, is not conclusive upon Mrs. Hopper in the present case. Moreover see, in this connection, *Barfield* v. *Jefferson,* 84 *Ga.* 609. As the claimant can not go behind the judgment, no other verdict could have been rendered except one finding the property subject.

*Judgment affirmed.    All the Justices concur.*