22334. STANLEY *v.* SPELL *et al.*

JENKINS, P. J. 1. "Whenever the ordinary knows, or is informed by any person having any interest in the estate, that the administrator wastes or in any manner mismanages the estate, or that he or his sureties are

likely to become insolvent, or that he refuses or fails to make returns as required by law, or that for any reason he is unfit for the trust reposed in him, he shall cite such administrator to answer such charge at some regular term of the court, and upon the hearing of his return the ordinary may, in his discretion, revoke the letters of administration, or require additional security, or pass such other order as in his judgment is expedient under the circumstances of each case." Civil Code (1910), § 3978. Under the provisions of section 3990 of the Civil Code of 1910, the neglect of an administrator to return a correct inventory and appraisement is sufficient ground for the ordinary, in the exercise of his discretion, to remove such administrator. *Cosby* v. *Weaver*, 107 *Ga.* 761 (33 S. E. 656).

2. On appeal to the superior court from the court of ordinary in a proceeding to remove an administrator, the discretion which by law has been vested in the ordinary is to be exercised by the jury. *Moody* v. *Moody*, 29 *Ga.* 519, 521; *Davis* v. *Davis*, 33 *Ga. App.* 628 (127 S. E. 779). In the instant case, where the grounds of the proceeding to remove the administrator, as appears from the petition and from the evidence, consisted in her alleged failure to file a correct inventory and appraisement, and in the fact that her personal interests conflicted with those of the estate, and the evidence was in conflict as to whether any of the property not scheduled was the property of the estate, or whether such property was the personal property of the administrator by virtue of a gift from the intestate prior to his death, it was for the jury, in the exercise of its discretion, to determine, from the facts submitted, the question of fitness or unfitness. While it appears without dispute that there was a controversy between the heirs at law of the intestate and the administrator as to whether such property was or was not a part of the estate, it can not be said that the existence of such controversy, as a matter of law, rendered the administrator "unfit for the trust reposed" in her so as to require a removal. It is a well recognized principle that where the personal interests of the representative of an estate conflict with his official duties, such fact, in the discretion of the ordinary, or in the discretion of the jury on appeal, may be deemed to constitute sufficient ground for removal. See 23 C. J. 1113, § 297. See also, as bearing indirectly upon the question, *Moody* v. *Moody*, supra; *Smith* v. *Cuyler*, 78 *Ga.* 654, 658 (3 S. E. 406); *Parker* v. *Batchelor*, 40 *Ga. App.* 669 (151 S. E. 118). This does not mean that in the instant case the question of title was up for actual adjudication, since the jury could have found, irrespective of any opinion it might form upon that controversy, either for or against the administrator on the issue of removal. *McElmurray* v. *Blodgett*, 120 *Ga.* 9, 15 (47 S. E. 531). There was, however, admittedly a controversy between the administrator and the distributees, and it was the province of the jury, in the exercise of its discretion, to say whether or not the fact of such controversy and the nature thereof, together with all the surrounding facts and circumstances, rendered the administrator "unfit for the trust reposed" in her. Consequently the judge of the superior court erred in preventing the jury from exercising its discretion as to whether the conflict as to claim

of title rendered the administrator unfit to pursue her duties as such, by directing a verdict in favor of her removal.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED NOVEMBER 19, 1932.

*J. K. Whaley, J. H. Milner*, for plaintiff in error.
*L. C. Harrell, W. S. Mann*, contra.