### 26001. STEINER, for use, etc., *v.* BLAIR.

DECIDED MARCH 10, 1937.

*J. C. Edwards, H. E. Edwards,* for plaintiff.

*Hamilton Kimzey, Herbert B. Kimzey,* for defendant.

FELTON, J. 1. An assignment of error on the disallowance of an amendment can not be considered by this court where no exception pendente lite was filed in the prescribed time, and where the final bill of exceptions was presented more than six years after the ruling complained of. The same rule applies to an assignment of error on the overruling of a demurrer. *Boyce* v. *Day,* 3 *Ga. App.* 275 (59 S. E. 930) ; *Bullock* v. *Cordele Sash &c. Co.,* 114 *Ga.* 627 (40 S. E. 734).

2. An assignment of error on the disallowance of an amendment to a declaration can not be made by motion for new trial.

3. A suit on a note was instituted by H. A. Steiner for use of T. C. Landers, against Mrs. Emma Blair. A nonsuit was granted, and affirmed on appeal. *Steiner* v. *Blair,* 38 *Ga. App.* 753 (145 S. E. 471). A renewal suit was filed in the name of the same plaintiff against the same defendant on the same note. The costs of the first suit were not paid, but *Mrs. T. C. Landers* filed a pauper affidavit. The defendant filed a plea in abatement setting forth that the affidavit was insufficient in that it was not filed by the necessary party. The affidavit of the plaintiff, Mrs. T. C. Landers, shows that she filed the identical suit on the note in Habersham superior court in May, 1926, and that this suit resulted in a nonsuit, and desiring "to resue said note" she makes the required pauper affidavit. The defendant filed a plea in abatement in which he alleged that both suits are identical, that the former suit resulted in a nonsuit, and that the plaintiff had not paid the costs or filed a pauper affidavit. The attorney of record for the plaintiff in both suits testified: "I swear that T. C. Landers is Mrs. T. C. Landers, who is bringing this case and one and the same person, and I do not know T. C. Landers, the husband of Mrs. T. C. Landers, but I know this lady by bringing this suit for her in this case, she is one and the same person. I brought the first suit in the name of T. C. Landers. I know that T. C. Landers is Mrs. T. C. Landers. I never saw T. C. Landers, neither did I ever see Mrs. T. C. Landers. I do not know either of them personally. I know Mrs. T. C. Landers. Never saw Mr. T. C. Landers or Mrs. T. C. Landers. I know them in a way." The affidavit of Mrs. Landers was also introduced in evidence without objection. A witness for the defendant testified: "I know Mr. T. C. Landers. His name is Thomas Clayton Landers. He is a man. He lives in Atlanta, Georgia. I know that, and have been acquainted with him, having boarded with him for a long time. I know his wife, too. Her name is Louise Landers, sometimes called Mrs. T. C. Landers. She is the wife of T. C. Landers. They are two separate and distinct persons, not one and the same person. Mrs. Landers is called Mrs. T. C. Landers occasionally, but her name is Louise Landers."

The evidence presented by the plaintiff was certainly sufficient to show that the same person had filed both suits. The evidence for the defendant is insufficient to show exclusively that Mrs. T. C.

Landers did not file both suits. If she is the person who filed the first suit, she is the proper person to make the affidavit in this case. The question whether she is the T. C. Landers to whom the note was given can be determined at the trial on its merits. It was error for the court to direct a verdict in favor of the plea in abatement.

*Judgment reversed. Stephens, P. J., and Guerry, J., concur. Sutton, J., disqualified. Felton, J., dissents.*

FELTON, J., dissenting. I do not agree with my esteemed associates as to the effect of the testimony of the witness for Mrs. T. C. Landers. I am of the opinion that the testimony for the defendant was sufficient to establish the identity of Mrs. T. C. Landers and T. C. Landers prima facie. The burden was cast on the plaintiff to prove that Mrs. T. C. Landers and Louise Landers and the T. C. Landers about whom the witness testified were other and different persons. *Mullery v. Hamilton, 71 Ga.* 720 (51 Am. R. 288). It appears from the testimony of the witness for the plaintiff that his conclusions had no basis in fact and were not at all supported by anything he stated or that could be inferred from what he stated. The affidavit of Mrs. T. C. Landers to the effect that she brought the first suit can not be considered as testimony to that effect. It is an ex parte extra-judicial statement, in which she was not subject to cross-examination, and on the point in question it is a mere self-serving declaration. Under the authority of *Massey v. Rothschild, 33 Ga. App.* 143 (125 S. E. 771), I think the direction of the verdict in favor of the plea in abatement was correct.