MILLS, administrator, *v.* TYUS, executor, *et al.*

No. 14390. DECEMBER 1, 1942.

*E. W. Maynard* and *A. M. Zellner,* for plaintiff in error.

*Morgan S. Cantey, J. W. Powell, J. O. Futral, Claude Christopher, J. L. Glover,* and *H. W. Dent,* contra.

HEWLETT, Justice. Mrs. Ella Mills and her husband, Anderson L. Mills, executed separate wills on February 14, 1939. The husband died in July, 1940, and the testatrix died on February 2, 1941. Mrs. Minnie Ella Mills, the niece and sole heir at law of the testatrix, died on August 1, 1941. L. C. Tyus, as executor, filed in the superior court a petition praying for a construction of the will. Robert A. Mills, as administrator of the estate of Mrs. Minnie Ella Mills, the Georgia Baptist Orphans' Home, and the Methodist Children's Home, were made parties defendant. The administrator of the estate of the sole heir at law answered, claiming that the testatrix specifically stated that the home was not being devised, but that her husband would take it by inheritance. The court ruled that the home was included in the residue clause of the will. The exception is to this judgment.

The question for decision is whether the testatrix by the residue clause of the will devised the home on Forsyth street to the Baptist Orphans' Home and the Methodist Children's Home.

Item 1 of the will provides for burial and payment of debts. Item 2 appoints two named persons as executors.

Item 3: "I will that all my property of any and all kinds, whether real, personal, or mixed, and all increase and income therefrom, except the home on Forsyth Street in Barnesville, Georgia, shall go to and be enjoyed by my dear beloved husband, Anderson L. Mills, for and during his natural life, without being chargeable for waste or any accounting for any expenses as to how he shall spend it. This shall include the income and right to occupy the home, but no bequest is being made of the title to the same now, as I will probably make other disposition of it later; but if not, then the same shall go to my husband by inheritance."

Item 4 directs payment of special legacies to twenty-two nephews and nieces of testatrix and her husband, and to two named churches, ranging from $100 to $300 each. Item 5 refers to a will her husband is contemporaneously making, and declares that it is not the intention that the special bequests be paid twice. Direction is also given in the event any of the nephews or nieces should die.

Item 6: "I want my husband, to have the full use and enjoyment of my estate, during his life, including all the increase and income, to spend and do as he pleases with it; and if at the time of his demise there is not enough left of the estates as merged to pay all the special legacies named in item 4 of this will, then each of said legacies shall be abated and decreased by such an amount [as] there may be to be divided to the legatees so named in proportion to the amount so bequeathed to them."

Item 7: "I further direct that in the event there is a surplus, of the two estates as merged, after the death of me and my husband, and after paying the special legacies named in item 4 of this will in full, then I direct that the balance or residue shall be divided to the Baptist Orphans' Home at Hapeville, Georgia, and the Methodist Children's Home at Decatur, in proportion to the number of children cared for in said respective homes at the time of said final distribution of the residue of said merged estates."

In construing a will the paramount rule is to ascertain the in-

tention of the testator, and give complete effect thereto; and every portion of the will should be considered which may aid the court in discovering the intention of the testator. *Ivey* v. *Davis,* 175 *Ga.* 607 (165 S. E. 605). In arriving at such intention "the court may transpose sentences or clauses, and change connecting conjunctions, or even supply omitted words in cases where the clause as it stands is unintelligible or inoperative, and the proof of intention is clear and unquestionable; but if the clause as it stands may have effect, it shall be so construed, however well satisfied the court may be of a different testamentary intention." Code, § 113-806. While the testatrix in item 3, in devising all of her property to her husband "for and during his natural life," used the words "except the home on Forsyth street," they were immediately followed by the statement, that "This shall include the income and right to occupy the home, but no bequest is being made of the title to the same now, as I will probably make other disposition of it later; but if not, then the same shall go to my husband by inheritance." From the above it appears that the testatrix gave her husband a life-estate in the home, and expected to make a different disposition of the fee, but provided that if she did not, it was her will and intent that the husband should take it by inheritance. This amounted to a devise of the fee to the husband, in the event she failed to make the other contemplated disposition. The husband having predeceased the testatrix, without leaving any child or direct descendant, the devise lapsed under the Code, § 113-812, which declares: "If a legatee shall die before the testator, or if dead when the will is executed, but shall have issue living at the death of testator, such legacy, if absolute and without remainder or limitation, shall not lapse, but shall vest in the issue in the same proportions as if inherited directly from their deceased ancestor." In *Snellings* v. *Downer,* 193 *Ga.* 340 (2) (18 S. E. 2d, 531, 139 A. L. R. 860), it was held that under the Code, § 113-813, which follows the common law, ordinarily a lapsed devise of realty passes to the heirs at law of the testator; and this is true irrespective of whether such lapsed devise is given under the residuary clause or otherwise. And further, that this general rule with respect to a lapsed devise of realty is subject to the following exceptions, under which the residuary legatees would take: (1) where the will manifests such intention; (2) where the devise was

necessarily contingent when the will was made; (3) where the devise is made not to individuals, but to a class. In the instant case the devise of the home place, not coming within any of the preceding exceptions, upon the death of the husband without issue his lapsed devise of real estate passed to the heir at law of the testatrix. Accordingly the judge erred in holding that the home place was included in the residue of the estate devised under item 7 of the will.

*Judgment reversed. All the Justices concur, except Grice, J., who dissents.*