31615. HOLSENBECK, administratrix, *v.* ARNOLD *et al.*

DECIDED JUNE 18, 1947.

*Kimball & Pierce* and *G. A. Johns,* for plaintiff in error.

*Quillian & Vandiver,* contra.

PARKER, J.   J. Robert Arnold and others filed a petition in the Court of Ordinary of Barrow County for the removal of Mrs. Lavada Arnold Holsenbeck as administratrix on the estate of Mrs. Georgia Ann Arnold, deceased.   The petitioners appealed from an adverse judgment in that court to the superior court where the case was tried and a verdict returned by the jury in favor of the petitioners and for the removal of the administratrix.   Thereupon Mrs. Holsenbeck filed a motion for a new trial on the general grounds and on five special grounds.   The court overruled that motion and the case is here on exceptions to that judgment.

■   An objection to evidence on the ground that it "is not material in this case" is too general to be considered by this court. *Norris* v. *State,* 40 *Ga. App.* 232 (149 S. E. 158); *York* v. *State,* 42 *Ga. App.* 453 (4) (156 S. E. 733); *Montgomery* v. *Nunnally,* 43 *Ga. App.* 93 (157 S. E. 911).   Furthermore, the first special ground of the motion is incomplete and cannot be considered because the name of the witness whose evidence was objected to is not made to appear therein.   See *Trammell* v. *Shirley,* 38 *Ga. App.* 710, Rule 10, page 714 (145 S. E. 486).

■   The second special ground is not good because other evidence, similar to that which was objected to and admitted by the court, was afterwards introduced without objection in the testimony of other witnesses.   *Shepherd* v. *State,* 67 *Ga. App.* 448 (20 S. E. 2d, 446); *Atlanta Enterprises* v. *James,* 68 *Ga. App.* 773 (24 S. E. 2d, 130); *Scott* v. *Torrance,* 69 *Ga. App.* 309, 325 (8) (25 S. E. 2d, 120).   This ground is incomplete also in that the name of the witness is not shown in the ground (*Trammell* v. *Shirley,* supra).

■   The third special ground is without merit because an assignment of error on the allowance of an amendment to a petition can not be the basis of a ground in a motion for a new trial. In order for the judgment allowing the amendment to be reviewed

by this court, the bill of exceptions must contain a direct assignment of error upon that ruling. See *Hendricks* v. *Georgia Fertilizer Co.,* 40 *Ga. App.* 427 (149 S. E. 711); *Georgia-Florida Motor Lines* v. *Slocum,* 45 *Ga. App.* 204 (164 S. E. 166); *Steiner* v. *Blair,* 55 *Ga. App.* 434 (190 S. E. 406).

■ The fourth special ground assigns error on this excerpt from the charge: "The neglect of an administrator to return a correct inventory and appraisal shall be held as sufficient ground for removal. I charge you that the failure on the part of the administratrix to file an inventory and appraisal in the ordinary's office is an omission of duty and therefore throws upon her the burden to show to your satisfaction that she has discharged her duties with fidelity." The contention is that this charge placed an undue burden on the administratrix; that she was under no legal duty to make an inventory and appraisal of the assets of the estate, under the facts in the case, inasmuch as the ordinary had not issued a warrant of appraisal upon her qualification as administratrix as provided in the Code, § 113-1401. We do not think the charge complained of was error under the law applicable to the case and the charge as a whole.

"The neglect of an administrator to return a correct inventory and appraisement shall be held as sufficient ground for removal." Code, § 113-1408. See also § 113-1229. "The failure of an executor or guardian to make returns is an omission of duty, and therefore a breach of trust, and throws on him the burden of proving to the satisfaction of the court and jury that he has discharged the duty of his trust with fidelity." *Wellborn* v. *Rogers,* 24 *Ga.* 558(7); *Dubberly* v. *Varnedoe,* 22 *Ga. App.* 738 (97 S. E. 261). "While failure to make returns as required by law may be cause for removing an executor, it is not a compulsory ground for so doing, but one within the discretion of the court." *Cosby* v. *Weaver,* 107 *Ga.* 761 (33 S. E. 656). The administratrix undertook to excuse her failure to return an inventory and appraisement by showing that she acted under the advice of her attorney and of the ordinary, and that she advised the ordinary when she took out letters of administration what property there was in the estate, and that the ordinary made a list of the property which was filed, and told her that there was so little involved an appraisal wouldn't be necessary. She testified on cross-examination in part as follows: "Under legal advice I got I did not make any in-

ventory of the estate, but a list of my mother's estate was in Mr. Bagwell's (he ,being the ordinary) hands; I do not remember making a sworn inventory; I did file a list of my mother's property in the ordinary's office and suppose it is there now, and I made a return showing the property of the estate; . . the property of the estate was never appraised."

Immediately following the charge complained of the court instructed the jury to decide for themselves "whether the facts show sufficient grounds for removal, and if you find that the administratrix failed to comply with the law on this question, you may consider any explanation of the administratrix for not filing such, and if she has, to your satisfaction, explained the failure to file an inventory and appraisement, if there was such failure, you would be authorized to find that this ground is not sufficient for her removal." The court also charged the jury as follows: "Now it is contended by the petitioners that there was no inventory and appraisal of this estate filed by the administratrix as required by law, and it is contended by the administratrix that a list of the assets of the estate was presented to the ordinary, and that on the advice of counsel she requested the ordinary to advise her whether or not it was necessary and required that she file any formal inventory and appraisal, and that she was advised by the ordinary that this was not required and for that reason no formal inventory was filed." We think the charge complained of was a correct statement of the law, and that it was applicable to the facts of the case, and no error is shown in this ground of the motion.

■ The court did not err in failing to charge, in the absence of a timely written request, the provisions of the Code, §§ 113-1401, 113-1402, and 113-1407, under the facts of this case, as complained of in the fifth special ground of the motion for new trial.

■ The petition for the removal of the administratrix as amended charged that certain moneys of the estate had never been accounted for by the administratrix, nor included in the assets of the estate, and were still in the possession of the administratrix or her husband, by her permission and consent; that certain rents due by the administratrix or her husband to the estate were not being collected, and that she was acting in collusion with her husband in not seeking to collect from him the amounts due by him; that the interests of the administratrix were antagonistic to the interests of the estate, and there were issues as to the title to

certain real estate claimed by the administratrix which petitioners contend belongs to the estate; that no inventory had been filed, and that only a part of the money received had been accounted for in the only return filed by the administratrix that she was unfit for the trust reposed in her, was mismanaging and wasting the estate and was converting it to her own use. These several charges were expressly and categorically denied by the administratrix, and she alleged in her answer that she had been entirely faithful to her trust as administratrix of the said estate in every particular, and had committed no acts inconsistent with her trust, but that she had administered same fairly and with fidelity to her trust.

A number of witnesses testified in the case and the evidence was in direct conflict on some of the issues involved. Although the evidence did not sustain all of the charges made in the petition for removal of the administratrix, we can not say as a matter of law that there was no evidence to support the verdict as found by the jury. As to some of the matters contained in the petition there was some evidence to support the verdict. It was admitted by the administratrix that she did not return an inventory and appraisement of the estate as required of administrators, and her explanation as to why this was not done was clearly a question for the jury as stated by the court in the charge to the jury. On this point alone the jury was authorized to find that the administratrix had neglected her duties in failing to make return of a correct inventory and appraisement, and this ground was sufficient, within the discretion of the jury, to support the verdict removing the administratrix. Also, it is a well-recognized principle of law that where the personal interests of the representative of an estate conflict with the interests of the estate, such fact, in the discretion of the ordinary, or in the discretion of the jury on appeal, may be sufficient ground for removal. *Stanley* v. *Spell*, 46 *Ga. App.* 91 (2) (166 S. E. 669). The evidence was sufficient on this question to make an issue as to whether the interests of the administratrix conflicted with her official duties in handling the estate, and this issue was determinable only by the jury. For these reasons we can not say that the verdict was not authorized as claimed under the general grounds of the motion for new trial; and no error appearing in either of the special grounds, the court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*