## PATTERSON *v.* PATTERSON.

No. 17424. ARGUED MARCH 12, 1951—DECIDED APRIL 9, 1951.

*Martin, Snow & Grant,* for plaintiff.

*Thomas W. Johnson,* for defendant.

DUCKWORTH, Chief Justice. Counsel for the plaintiff in error state in their brief that, despite the length of the decree, which comprises nine pages of the record, there are only two issues in the case, which are: (1) whether or not the judge abused his discretion in refusing to remove the executor or require him to give bond; and (2) whether or not, under the will, the defendant is entitled to withdraw $25 per month from the corpus of the estate. We agree with counsel's analysis of the case, and will reach a decision by a determination of the two issues thus stated.

We will decide them in reverse order since the first named issue is affected by a decision of the second.

■ In construing a will the court is required to examine it as a whole and to search diligently for the intention of the testator as the same may be revealed therein. Code, § 113-806; *Sproull* v. *Graves*, 194 *Ga.* 66 (20 S. E. 2d, 613); *Mills* v. *Tyus*, 195 *Ga.* 119 (23 S. E. 2d, 259); *Yancey* v. *Grafton*, 197 *Ga.* 117 (27 S. E. 2d, 857); *Blakeman* v. *Harwell*, 198 *Ga.* 165 (31 S. E. 2d, 50). This search for the intention of the testator should be made by two methods: (1) by looking to the will as a whole, and (2) by scrutinizing every phrase that it contains. *Comer* v. *Citizens & Southern Nat. Bank*, 182 *Ga.* 1· (185 S. E. 77). These and other rules of law governing the construction of wills are so well understood that they require no further discussion here. It is not rules of law but rather the meaning of the verbiage of the will that presents the difficulty we encounter in reaching a decision. Viewing the instrument as a whole, we find that the testatrix had but one son, who was her sole heir; and to this son she gave her entire estate except $1000 to her sister for life, and the remainder thereof to her grandchildren. She designated this son as the executor of the will and conferred upon him broad powers, including the power to sell and reinvest, to borrow money, and to pledge assets of the estate without advertisement or an order of the court. She relieved him of giving bond, making inventory, or filing returns. Thus is manifested the full love and devotion of a mother for her child. A close-up scrutiny of the phraseology of her will discloses that, after plainly and unconditionally providing in item 4 thereof that her son should have all of her property, with the exception above noted, and at his death the remainder should go to two named grandchildren, there immediately follows in the same item a proviso as follows: "provided nevertheless, that my said son shall have from my estate, either from the income or the corpus, the sum of twenty-five ($25) dollars per month for his support and maintenance during his natural life." There is no ambiguity in the creation of the estates, but this proviso could be a qualification of either. However, it does not in terms nor by implication impair or diminish the estate for life, since its full effect is to add an additional benefit for her son, the life ten-

ant. If applicable alone to the life estate, it would not alter his benefits as life tenant one iota, as it would do no more than to require him to take the $25 from one of his pockets and put it in another. This can not be said of the remainder estate. The only effect that the provision has upon that estate is to impair or lessen it. It does not even purport to add any benefits to the remaindermen. On the contrary, it expressly authorizes a diminishing of that estate. The provision plainly expresses the desire of the testatrix that her only son have from her estate $25 for a stated purpose, which is his support and maintenance. The entire income from the estate, under terms of the will, is the property of the life tenant. It does not require him, however, to use any part of that income for his individual maintenance and support. Disregarding the relationship of the testatrix to the legatees, it would be expected that the natural and normal selfishness of the average person would dictate that, if given his free choice, the life tenant would take the $25 from the remaindermen rather than from himself and, hence, the testatrix would not have been expected to thus empower the life tenant to impose upon the remaindermen. The relationship, however, under settled rules of construction, can not be disregarded, nor can the complete confidence of the testatrix in her son, as evidenced by the provisions of the will in vesting him with wide powers, be disregarded. These facts show that the testatrix might well have felt that, because of the fairness and unselfishness of her son, he would rather use his own money for his support and maintenance than to take it from the remaindermen and, because of this confidence, she used the phrase "either from the income or the corpus" to indicate that she was leaving it entirely to the choice of her son as to whether or not he would take this $25 per month from the corpus of the estate, and, by this proviso, she clearly and unmistakably empowered him to do so if he desired. Accordingly, we hold that, under this will, the life tenant, who is also the executor, is authorized to take from the corpus each month the sum of $25, irrespective of the amount of income which he receives as the life tenant. This ruling is not altered by the fact that he may be occupying all of the lands belonging to the estate. As life tenant he is entitled to possession, whether by tenant or by himself. There is nothing

in the will that restricts the life tenant to $25 per month for maintenance and support, but only the express desire of the testatrix that, in addition to the life estate, he should have a sum of money in the amount of $25 per month for maintenance and support, taken at his election from the corpus of the estate.

■ The other issue requiring a decision is whether or not the court erred in refusing to remove the executor or require him to give bond. While Code § 113-1101 makes the provisions of Code § 113-1229 applicable to executors, and, by the provisions of the latter section, an executor may be removed or required to give additional security—in the exercise of a sound discretion by the ordinary—when it is shown that he is guilty of waste or mismanagement or that he is insolvent or, for any reason, he is unfit for the trust, yet despite this power courts are reluctant to exercise it when no strong case therefor is shown. 33 C. J. S. 1030, § 89; *Johns* v. *Johns*, 23 *Ga.* 31. And the discretion vested by the statute in the ordinary is to be exercised by the jury or judge acting as jury on appeal to the superior court. See *Moody* v. *Moody*, 29 *Ga.* 519; *Stanley* v. *Spell*, 46 *Ga. App.* 91 (166 S. E. 669); 119 A. L. R. 314. Here, the evidence shows no waste, but merely an illegal loan which has been fully repaid, and that plans had been made to make another loan not authorized by law, but that the executor had completely abandoned all plans to make that loan. There is nothing in the evidence to show waste or danger of waste of the property sufficient to require application of the rule in *Riddle* v. *Kellum*, 8 *Ga.* 374. It can not be held that the trial judge abused the discretion vested in him by law in refusing to remove this executor or require him to give bond. See *Wellborn* v. *Rogers*, 24 *Ga.* 558; *Cosby* v. *Weaver*, 107 *Ga.* 761 (33 S. E. 656). This portion of the judgment which we affirm is not erroneous, as contended by counsel for the plaintiff in error, because, elsewhere in the decree, the executor is enjoined from making loans contrary to law, which is a relief prayed for by the plaintiff in error. It is contended that, since the two portions of the decree are contradictory, a reversal of this portion should be had in order to obtain consistency. The defendant in error is not complaining of the injunction, and the plaintiff in error is not in position to complain since it issued at his request. Furthermore, the trial

judge, in the exercise of discretion, had the power to provide this safeguard, even though, at the same time, he refused to remove the executor or require him to give bond. All other attacks upon the decree are controlled adversely to the plaintiff in error by the rulings made in this opinion.

*Judgment affirmed. All the Justices concur.*