## 46990. BUTLER v. THE STATE.

PANNELL, Judge. 1. The offense of burglary, of which the defendant was charged, was committed August 29, 1969. He was indicted June 1, 1970, while he was serving time in a Federal Penitentiary in Tallahassee, Florida, to which he had been committed in the early part of 1970. He was paroled from the U. S. Penitentiary on March 19, 1971, and turned over to the Georgia authorities to stand trial for the offense charged in the present case. On April 12, 1971, he made bond and on May 12, 1971, he tendered his plea of guilty. On the day set for sentencing, May 28, 1971, he withdrew his plea of guilty and his trial began on June 17, 1971. On his trial he testified

that while serving time in the U. S. Penitentiary, he had written letters to the district attorney of the county of his trial in the present case requesting or demanding that he be tried on the charge of burglary. On appeal to this court from the overruling of his motion for a new trial on the general grounds only, he enumerates the alleged failure to grant him a speedy trial as error. The Act of 1968 (Ga. L. 1968, pp. 1110, 1111) amending the Act of 1956 (Ga. L. 1956, p. 161) by adding a section 33.10 to said Act relating to the demand for a trial by persons serving a term of imprisonment "in a penal or correctional institution under the jurisdiction of the State Board of Corrections" has no application to the defendant here as he was serving in a penal institution outside of the State of Georgia and not under the jurisdiction of the State Board of Corrections. Nor does the record show any compliance with the provisions of *Code* § 27-1901; and it not appearing from the record that the provisions of *Code* §§ 27-2001 and 27-2002 relating to continuances by the State from time to time have not been complied with, we cannot hold that he has been denied the right of a speedy trial within the meaning of that term as used in the Constitution of this State and of the United States. Art. I, Sec. I, Par. V of the Constitution of the State of Georgia (*Code Ann.* § 2-105); Art. VI of the Constitution of the United States (*Code* § 1-806). Accordingly, this court would not be authorized to order his release under the Act of 1952 (Ga. L. 1952, pp. 299, 300; *Code Ann.* §§ 27-1901.1, 27-1901.2).

2. On the theory that the defendant's character had been put in issue by defense counsel in his opening statement to the jury referring to the defendant's indictment and plea of guilty of the offense of forgery involving one of the checks stolen in the burglary for which he was being tried, and the subsequent introduction in evidence without objection of a certified copy of the indictment and plea, the trial judge subsequently admitted a number of indictments and convictions of other crimes in no way

related to the crime charged over the objection thereto. The defendant's counsel, by the comments made and by not objecting to the admission in evidence of the indictment and plea of guilty of the charge of forgery of the stolen check, which was relevant to the issue on trial, did not put the defendant's character *in issue,* so as to permit the admission in evidence of the indictment and conviction of the defendant of other crimes wholly distinct, independent, and separate from that for which he is on trial. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615). The trial court erred in so doing.

3. An objection on cross examination of the defendant as to an occurrence in jail the night before the defendant's trial, apparently but not properly, offered in rebuttal of testimony on direct examination, the objection being on the grounds that the evidence offered "has no relevancy whatever to what he is charged with here. . . no relation, no relevancy whatsoever," such objection is insufficient to cause the overruling thereof by the trial judge to be reversible error. *Hogan v. Hogan,* 196 Ga. 822 (1) (28 SE2d 74); *Holsenbeck v. Arnold,* 75 Ga. App. 311 (1) (43 SE2d 348); *Pippin v. State,* 205 Ga. 316, 322 (53 SE2d 482).

*Judgment reversed. Hall, P. J., and Quillian, J., concur.*
SUBMITTED MARCH 2, 1972—DECIDED APRIL 3, 1972.

*T. V. Mullinax,* for appellant.
*H. Eugene Brown, District Attorney,* for appellee.