58594. ALLMOND et al. v. JOHNSON et al.

Birdsong, Judge.

The parties to this appeal are all brothers and sisters. Appellees originally sought to remove appellants as co-executors of their parents' estate, and sought other relief, in probate court. From an adverse ruling, the co-executors Allmond and Clayton Johnson appealed to DeKalb County Superior Court. On trial de novo, the jury returned a verdict adverse to appellants, the co-executors, and they appeal to this court.

1.  At a pretrial conference both parties agreed, and the trial court ruled, that the decision of the probate court in the proceedings from which the appeal was made to the superior court, would be excluded from the jury. In his charge to the jury, the trial judge stated that the case had come to the superior court "on an appeal filed by Mr. Clayton N. Johnson, Jr. and his sister Mrs. Johnnie K. Allmond, as co-executors of the estate . . . from a decision of the probate judge rendered . . . as a result of a petition filed by Mrs. Linda June Freeman and William Edward Johnson as heirs [in which they] sought to have their brother and sister removed as co-executors for the following reasons . . ." The trial judge then read the petition which had been filed in the probate court by the appellees, and stated that "a hearing was had before the Probate Court and the Probate Court then issued its Order . . . and Johnnie K. Allmond and Clayton N. Johnson, being dissatisfied with that decision or order of the Probate Court filed its notice of appeal to this Court."

We agree with the appellants that the charge as given in this case constitutes prejudicial error, requiring a new trial. We are aware of what has been said in other cases about the propriety of apprising a jury on trial de novo of the proceedings below; in any context (see *Kelley v. Kelley,* 129 Ga. App. 257, 260 (199 SE2d 399)); of the practice of superior courts to hand the papers of the case out with the jury (see *Kelley,* supra; *Shuman v. Smith,* 100 Ga. 415 (28 SE 448); and *Edge v. Edge,* 134 Ga. App. 162, 164-165 (213 SE2d 540)); or of giving an excursus of the history of the prior proceedings so the jury will "have a better understanding of the case before it" (*Edge,* supra); but we can find no justification for advising the jury which party filed the appeal after being dissatisfied with the decision of the probate judge. The trial de novo considers the whole merits of the case anew (Code § 6-501), and passes original judgments on the questions involved as if there had been no previous trial (*Hall v. First Nat. Bank,* 85 Ga. App. 498 (69 SE2d 679)) and the superior court, on trial de novo, has the same jurisdiction as was possessed by the court of ordinary (*Knowles v. Knowles,* 125 Ga. App. 642, 645 (1) (188 SE2d 800)). The jury does not review and affirm or reverse the rulings of the probate judge, but hears all

issues anew as if there had been no previous trial, *Hall,* supra. While Code § 6-501 does provide that the appeal "brings up the whole record from the court below," it does not provide that the record including the decision below, is to be given or told to the jury; and we cannot see why it should be, since the jury is to determine all the issues "anew," and if the jury does rely upon the record below or allow it to influence their own decision, reversible error is committed. See *Russell v. Brunswick Grocery Co.,* 120 Ga. 38 (47 SE 528); *Riggins v. Brown,* 12 Ga. 271. Code § 6-501 is explicit in establishing the appeal in superior court as being a trial de novo (see *Robinson v. McAlpin,* 130 Ga. 489, 490-91 (61 SE 115)).

In the case before us, we can perceive no reason in law or fact, that the jury should have been made aware that there had been a decision in that court with which the appellants were "dissatisfied" and from which they had appealed. The issues and factual questions in this case are large and somewhat complicated; while there is evidence to support the ultimate verdict of the jury, which was the same as that of the probate judge, we cannot say the evidence is overwhelming or that the verdict given was demanded by the evidence. We therefore cannot say the court's charge, which in practical effect told the jury that the probate judge had already ruled against the appellants and removed them as executors, was harmless error. *Hand v. Brown,* 144 Ga. 272 (86 SE 1080); *Gibson v. Wilson,* 130 Ga. 243 (60 SE 565); *Hopper v. Wilson,* 128 Ga. 776 (58 SE 359). Particularly in a case of this factual complexity, the temptation may be too great for the jury, having been so charged, to conclude that since the probate judge ruled against the co-executors, they should rule likewise. We cannot sanction that possibility, especially since there is, in the first place, no reason for the trial court, either expressly or impliedly, to tell the jury what had been the probate judge's decision on the issues they must decide afresh. To do so places an undue burden of persuasion on the party who lost below; it robs the superior court proceeding of its nature as a trial de novo, and deprives the appellant there of his right to have the issues tried anew. See *Hardwick v. Georgia Power Co.,* 100 Ga. App. 38, 46 (110 SE2d 24).

2. Error is ascribed to the trial court's charge in that, in several particular enumerated instances, the charge unduly emphasized certain acts or circumstances as being "grounds for removal," or for forfeiture of commissions, without making clear to the jury the legal and factual considerations from which those acts and circumstances could be found, and without making clear to the jury that, while the acts and circumstances are grounds for removal or forfeiture of commissions, such removal or forfeiture is not mandatory. Appellant contends that the ultimate question to be determined is whether the estate has or will be harmed by any acts of, or circumstances surrounding the conduct of the co-executors.

It is said in *Patterson v. Patterson,* 208 Ga. 17, 22 (64 SE2d 585), that an executor may be removed or required to give additional security when it is shown that he is guilty of waste or mismanagement or is insolvent or for any reason is unfit for his trust, but inclination against such removal is strong, unless a clear case therefor is shown. In that case, it was held that there was nothing in the evidence to show waste or danger of waste of the property sufficient to apply the rule stated in *Riddle v. Kellum,* 8 Ga. 374, 377, that security be had for the estate's handling "upon *allegation and proof of waste, or of danger of waste to the property.*" In *Cosby v. Weaver,* 107 Ga. 761, 763 (33 SE 656), it is said that while a failure to make returns may often be cause for removal of an executor, "there is no compulsory mandate of law that in every case such failure shall of itself be regarded as imperatively demanding the removal from office of an administrator or executor"; rather, proof of such act throws upon the executor the burden of proving to the satisfaction of the court and jury that he has discharged the duty of his trust with fidelity (*Wellborn v. Rogers,* 24 Ga. 558 (7), 578). The executor so charged may give sufficient excuse for his actions which will, in the jury's discretion, prevent his removal. A correct statement of the law is that the jury may consider any explanation of her actions offered by the executrix, and if she has so explained to the jury's satisfaction, the jury would be authorized to find that such action, offered as ground for removal, is not sufficient for removal. *Holsenbeck v. Arnold,* 75 Ga. App. 311, 314 (43 SE2d 348);

see also *Wellborn,* supra, pp. 576-578.

We have assiduously read the charge of the court in this case, and studied the briefs of the parties, and we are persuaded that the charge given did not fully and adequately instruct the jury as to the principles we have just expressed. At no point did the court instruct the jury that the explanations of the appellants co-executors might be considered, or that the question of actual or threatened harm or injury to the estate should be considered, or that any acts of neglect or mismanagement would not necessarily mandate removal of the executors, forfeiture of commission, or posting of bonds; or render the executors unfit for their trust (*Cosby,* supra, pp. 763-764). The charge given, which repeatedly instructed the jury that certain acts or circumstances are "grounds for removal" and "in your discretion are grounds for removal" was the same as instructing the jury that if any such acts were found by them to have been committed by the appellants, the jury could in its discretion remove them from their posts, without regard to any explanation which might have been given by the appellants and without regard to whether any harm or injury was done or threatened to the estate, and without regard to any surrounding facts and circumstances. That is not the law. The charge was misleading and constituted prejudicial error. *Boyd v. Boyd,* 173 Ga. 139, 146 (159 SE 674).

For these reasons, we find it unnecessary to examine further the enumerations of error advanced by the appellants, and we grant to the appellants a new trial.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 17, 1979 — DECIDED JANUARY 11, 1980 —

*David H. Fink, Robert H. McDonnell,* for appellants. *Gary D. Zweifel,* for appellees.