### 62998. DABBAS et al. v. MERRILL LYNCH, PIERCE, FENNER & SMITH.

BIRDSONG, Judge.

The appellants Dabbas appeal the judgment against them in the amount of $20,006.77 general damages, $4,950 interest, $500 punitive damages, and $5,000 attorney fees. These damages arose from appellants' indebtedness to Merrill Lynch, Pierce, Fenner & Smith (Merrill Lynch), a stock brokerage firm, after Dabbas ordered a "short sale" of certain stock, sustained a loss on the market and failed

to pay Merrill Lynch for the loss thus incurred. *Held:*

1. In their first enumeration of error, appellants contend the trial court erred in admitting evidence tending to show the appellants' net worth. This allegation is without merit. The appellants at trial did not object to this evidence on grounds that it was irrelevant and prejudicial, but objected only to the reading of their financial statement to the jury by the Merrill Lynch witness on grounds that "the document speaks for itself." See *Ridley v. State,* 141 Ga. App. 854, 855 (234 SE2d 688). Moreover, evidence going to the worth and assets of the appellants was later offered by the appellants themselves. See *Steverson v. Hospital Auth. of Ware County,* 129 Ga. App. 510 (199 SE2d 881). In any event, the evidence was relevant to the issues at trial.

2. In enumeration two, appellants object to the admission of certain accounting documents in evidence, as being not admitted on proper foundation. While the witness in this case, the stockbroker who handled the Dabbas' account, may not have physically prepared these statements of accounts and confirmation slips, his testimony as to each was fully competent and sufficient from which "the trial judge [could] find it was made in the regular course of . . . business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter." Code Ann. § 38-711. The circumstances of the making of these documents, including lack of personal knowledge by entrant or maker (if not this witness), or of this witness if he was not the maker, might have affected the weight of the evidence, but not its admissibility. Code Ann. § 38-711. The accuracy of the documents was testified to by the stockbroker, who performed the transactions memorialized in the documents. This enumeration is without merit.

3. Appellant's enumerations three and seven as to improper comments made by counsel for the appellee, are without merit. The record does not prove what remark was made concerning a previous trial. Moreover, this is not a case where an appellant is prejudiced by having the jury unnecessarily told that another tribunal fairly heard the case and ruled against him (see *Allmond v. Johnson,* 153 Ga. App. 59 (264 SE2d 544)). The record does not bear out the complaint that counsel for the appellee improperly referred to an "admission" of the appellant when there was no such admission. After the close of the appellant's evidence, the appellee sought to read "an admission from the previous testimony of Mr. Dabbas." Counsel for the appellant objected that "any admission made that he wishes to get in, he could have done so on cross examination by either asking him to admit or if he told a story about it. It could have at least been done the proper

way." The objection and motion for mistrial, and the trial court's ruling thereon, was based on the inappropriateness of reading prior inconsistent testimony into the record outside of cross examination. Appellant did not object that there was no such admission. In fact, Mr. Dabbas was then called by the appellee for rebuttal by cross examination and was fully questioned as to the alleged admission, the effect of which questioning and the existence of an admission was a determination for the jury.

4. The appellant takes exception to the trial court's charge: "I charge you that statements of account, once admitted into evidence, constitute proof of the fact of the account and the amount owing and places the burden on the defendant to come forward with any defense which he wishes to assert." This was an improper charge, but in the circumstances of the case we do not find any harmful érror. The appellants Dabbas did not dispute the computations or calculations of the accounting statements, which show a "short sale," but only contended that, in the first place, they had not told the stockbroker to "sell short" but instead had told him to buy the stock. If the jury had believed this version of events, the accounting statements of Merrill Lynch showing the short sale transaction would necessarily have been rejected by the jury, and Merrill Lynch would have been found owing $70,000 to the appellants. The verdict of the jury shows conclusively that the jury believed appellants ordered the stockbroker to "sell short" and the evidence supports that finding. There is no logical reason and we have no authority to impugn the jury by imagining it believed appellants told the stockbroker to buy the stock (and not to "sell short") but nevertheless conclusively accepted the appellee's statement of account showing that the appellants owed Merrill Lynch damages because the stockbroker failed to follow appellants' instruction.

5. Finally, appellants contend the trial court's charge of punitive damages and fraud was not supported by the evidence. The jury could find from the evidence in this case that the appellants Dabbas did order the stockbroker to make a short sale of stock in a risky business concern; that the appellants lacked the money to pay for the losses this risk might entail; that the appellants repeatedly refused to permit the stockbroker to buy the stock back and cut their losses when he urged them to do so and at a time when they might have been able to pay for such losses, and insisted in their position until they were ultimately indebted to Merrill Lynch for $20,006.77; that Merrill Lynch had actually stood the loss under the stock transaction since it had to buy 600 shares at $120 per share to replace the stock which it had "lent" to the appellants and "sold short" at much less; that this is called a "free ride" and according to the

stockbroker is a securities violation after two or three such "free rides," and that the Dabbas' had been allowed "free rides" before without problem (and had made a profit), and were permitted this "free ride" because they had previously been good customers; that the Dabbas left for Florida when the indebtedness became due, and subsequently wrote Merrill Lynch a check which bounced. This evidence supports the charge and the verdict as to fraud, punitive damages and attorney fees. See *Georgia-Carolina Brick &c. Co. v. Brown,* 153 Ga. App. 747 (266 SE2d 531). We find no reversible error in the trial.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 23, 1982.

*B. W. Crecelius, Jr.,* for appellants.
*Paul W. Stivers,* for appellee.