## A92A0524. STEVENS v. GREEN.
### (418 SE2d 377)

JOHNSON, Judge.

Mary Jane Stevens (Stevens) filed a petition in the Probate Court of Camden County seeking to succeed Howard T. Myers, deceased, as administrator of the estate of Andrew Myers. Bernard Green (Green), also seeking to be named administrator of the subject estate, filed a caveat in response to Stevens' petition.

On October 5, 1989, the probate court appointed Green administrator de bonis non of the estate of Andrew Myers. Thereafter, Stevens filed a notice of appeal de novo from the probate court's decision to the Superior Court of Camden County, and demanded a jury trial. Prior to the commencement of the trial in superior court, the trial judge discussed with the parties that this court's decision in Allmond v. Johnson, 153 Ga. App. 59 (264 SE2d 544) (1980), precluded any mention to the jury of any matter related to the probate court proceedings or of the probate judge's decision to appoint Green as administrator. The parties were instructed to make no mention of any prior proceedings.

The jury trial resulted in a special verdict finding that Green was better qualified to serve as administrator of Myers' estate. The jury's verdict was made the judgment of the court on March 20, 1991. Stevens filed a motion for new trial which was denied by the trial court in its order of October 2, 1991. It is from this order that Stevens appeals. We affirm.

1. In her first and second enumerations of error, Stevens contends that the trial court failed to exclude evidence concerning the prior probate court proceedings as required by the Allmond case, supra. She alleges that this failure to control the proceeding resulted in the admission of evidence harmful to her case. The record shows that no such evidence was even offered, much less admitted. Apparently Stevens bases her claims on her belief that Green's counsel effectively disclosed that Green had been appointed administrator by the probate court when he included the following in his closing argu-

ment: "But he's accepted that responsibility and I'm proud of him for it, and wish that you support him for it." It is clear from the transcript that this statement, when taken in context, does not refer in any way to the proceedings which took place in the probate court. It merely refers to Green's willingness to bear the burden of administrator of the estate. The argument was not improper, and the court did not err in failing to exclude it.

Furthermore, the transcript reveals that Stevens did not object to counsel's statement until the closing argument was over and after the jury had been permitted to begin its deliberations. The court noted her objection to what she perceived to be a prejudicial reference to the decision of the probate court. Since the objection was not timely, the court did not rule upon it. Stevens did not move for a mistrial, nor did she offer any other motion which would require a decision from the trial court. This court has the authority to review *rulings* of the trial court. *Jefferson v. State*, 157 Ga. App. 324, 326 (277 SE2d 317) (1981). It appearing from the transcript that Stevens failed to make a timely objection or to secure a ruling from the trial court, we have no adverse ruling to review.

2. Stevens contends in her third enumeration of error that Green's counsel perpetrated a fraud upon the court and the jury. However, she fails to point to any facts in the record in support of her assertion. " ' "[T]he burden is upon the party asserting error on appeal to show such error by the record." ' [Cits.]" *Hendricks v. Emerson*, 199 Ga. App. 208, 209 (404 SE2d 279) (1991). After exhaustive examination of the record, we cannot find one scintilla of evidence which would support the contention that Green's counsel perpetrated a fraud upon the court, the jury, or anyone else. Stevens' claim is without merit, and the trial court properly denied her motion for new trial.

*Judgment affirmed. Pope, J., concurs. Carley, P. J., concurs in Division 2 and in judgment.*

DECIDED APRIL 8, 1992 —
RECONSIDERATION DENIED APRIL 24, 1992 — 

Mary Jane Stevens, *pro se.*
*Thomas, Kennedy, Sampson & Patterson, Donald P. Edwards,* for appellee.