## A10A0255. GOODRICH v. GOODRICH.

(691 SE2d 332)

JOHNSON, Presiding Judge.

Sam Goodrich, the administrator of Ellis Goodrich's estate, passed away in May 2008 not having completed administration under his father's will. Since no successor had been named, it was necessary for the probate court to select an administrator from among Ellis Goodrich's three surviving children. Competing petitions were filed in the Baldwin County Probate Court by Isaac and Marilyn Goodrich, two of Ellis Goodrich's surviving children, and the probate court judge appointed Isaac Goodrich as administrator of the estate. Marilyn Goodrich appealed to the Baldwin County Superior Court. Following a de novo hearing, the superior court judge also selected Isaac Goodrich as administrator. Marilyn Goodrich appeals to this Court, alleging a number of errors, including the superior court's refusal to give her a jury trial. Because Marilyn Goodrich was entitled to a jury trial in this case, we reverse the superior court's decision.

The record shows that Marilyn Goodrich repeatedly asked in writing for a jury trial prior to the hearing before the superior court, and again asked for a jury trial during the hearing, but the superior court judge denied her request. OCGA § 15-6-8 (4) (E) provides that the superior court has the authority to review and correct, in the manner prescribed by law, the judgments of judges of the probate courts, "except in cases touching the probate of wills and the granting of letters of administration, in which a jury must be impaneled." Here, Marilyn Goodrich appealed the probate court's decision appointing Isaac Goodrich administrator of the estate, and the appointment of an administrator directly concerns the granting of letters of administration. Thus, the trial court erred in denying her request for a jury trial.

Isaac Goodrich argues that a jury trial was not necessary because the question of who would best serve the interest of the estate is a question of law, not a question of fact. We disagree. Not only does this argument ignore the clear language of the statute, but such a question involves issues of fact, and there have been numer-

ous cases where a superior court jury has found one person better qualified to serve as an administrator of an estate.[*]

Based on our holding, Marilyn Goodrich's remaining enumerations of error with regard to the superior court's order are deemed moot. Moreover, we cannot address her enumerations of error with respect to the probate court's order until a superior court has properly reviewed her appeal.

*Judgment reversed. Miller, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 23, 2010.

Marilyn E. Goodrich, *pro se.*
*Jones, Cork & Miller,* Hubert C. Lovein, Jr., for appellee.

