# Court of Appeals of the State of Georgia

ATLANTA,  May 28, 2024

*The Court of Appeals hereby passes the following order:*

**A24A0707. IN RE: ESTATE OF VIOLA E. TYRONES, DECEASED.**

Viola E. Tyrones died testate, and her will named her son, Dennis Tyrones, as executor of her estate. Dennis filed the will for probate, and Viola's granddaughters, Ava and Ariana Tyrones, filed a caveat to the will. The case was scheduled to be tried by the probate court in a bench trial. Shortly before the scheduled trial, however, Dennis filed both a request for a continuance and a request for a jury trial. The trial court granted the motion for a continuance but denied the request for a jury trial finding, inter alia, that it was untimely. Dennis then filed this direct appeal from the trial court's order. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), direct appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" See also *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court") (punctuation omitted). Here, the case remains pending below. To obtain immediate review of the trial court's order, therefore, Dennis was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review from the trial court. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016).

Dennis's failure to follow those procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/28/2024

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

Stephen E. Castlen
, *Clerk.*

---

[1] Dennis's notice of appeal asserts that he is entitled to a direct appeal under the collateral order doctrine. We disagree. "[T]he collateral order doctrine applies if the order (1) completely and conclusively decides the issue on appeal such that nothing in the underlying action can affect it; (2) resolves an issue that is substantially separate from the basic issues in the complaint; and (3) might result in the loss of an important right if review had to await final judgment, making the order effectively unreviewable on appeal." *Murphy v. Murphy*, 322 Ga. App. 829, 831 (747 SE2d 21) (2013). Despite Dennis's assertion to the contrary, a lower court's denial of a request for a jury trial is subject to review in an appeal taken from a final judgment. See *Goodrich v. Goodrich*, 302 Ga. App. 468, 468 (691 SE2d 332) (2010) (reversing final order entered by superior court in a probate case, finding that court erred in denying one party's request for a jury trial).